St. Louis, Iron Mountain & Southern Railway Company *v.* Hudson.

Opinion delivered June 27, 1910.

1. Carriers—ejecting sober passenger as drunk—liability.—Under the act of March 2, 1909, § 3, providing that conductors on trains running in this State are authorized to arrest drunken persons on their trains and deliver them to peace officers, a railway company is not liable for the arrest of a sober passenger and his ejection from the train if the conductor in the exercise of ordinary care honestly believed at the time of the arrest that the passenger arrested was drunk, and used only such force as was necessary to eject him. (Page 508.)

2. False imprisonment—arrest by train conductor.—In a suit against a carrier for an arrest made by its conductor, an instruction that, though the conductor was the judge as to whether plaintiff was intoxicated when arrested, yet if he was mistaken the company would be liable, was erroneous, as it ignored the question whether the conductor acted in good faith. (Page 509.)

3. Instructions—conflict.—Conflicting instructions which leave the jury without any correct guide are erroneous. (Page 509.)

4. Carriers—ejection of passengers—damages.—In a suit for unlawfully ejecting as drunk a sober passenger, it was not error to instruct the jury that if you find for the plaintiff "you may take into consideration any injuries inflicted upon the plaintiff, the pain and suffering incident thereto, his humiliation and mortification, and assess his damages at such a sum as in your judgment you may find from the testimony would compensate him for the injuries done, pain, suffering and humiliation." (Page 510.)

5. Instruction—assuming undisputed fact.—An instruction which assumes an undisputed fact is harmless. (Page 510.)

Appeal from Cleburne Circuit Court; *Brice B. Hudgins,* Judge; reversed.

*Lovick P. Miles* and *Thomas B. Pryor,* for appellant.

When it appears that prejudicial error has been made in the trial, this court will reverse. 58 Ark. 253; 123 Ill. 333. The conductor is the proper person to pass on the question as to whether a person desiring to take passage on a train is a proper person to be admitted to the train. 75 Ark. 490. Appellant is not liable for the humiliation or mortification, if any, suffered by appellee on account of his arrest and imprisonment. 87 Ark. 524.

WOOD, J. The appellee brought this suit against appellant to recover damages alleged to have been sustained by appellee in being refused admission as a passenger on, and in being ejected from, one of appellant's trains while in the act of boarding same at Little Rock, Arkansas, for the purpose of taking passage to Batesville, Arkansas.

There was a jury trial, and the verdict and judgment were in favor of appellee for $700.

The evidence on behalf of appellee tended to show that he, in company with two other parties, one of whom had purchased a ticket for appellee, attempted to get on one of appellant's train at the depot in Little Rock, for the purpose of going to Batesville; that the officials in charge of the train refused to permit appellee to board the train, stating to him at the time that he was drunk; that appellee, notwithstanding such refusal, when the train going to Batesville began to move, attempted to board same; that the conductor shoved or threw him from the steps to the ground; that in the fall his leg was injured in the same part where it had been fractured some three years before; that the injury was severe and very painful; that the appellee had been a cripple, one limb being shorter than the other; that in consequence he limped; that as soon as he was ejected from the train a policeman arrested him, having been requested to do so by the one who ejected him from the train; that the policeman dragged him to the baggage room, and from there he was taken to police headquarters, and thence to jail.

The testimony on behalf of appellant tended to show that appellee, when he attempted to board appellant's train, was drunk; that because of that fact the conductor refused to permit him to board the train; that, on being refused, appellee became boisterous and profane, and that for this cause the policeman arrested him, and took him before the police court on a charge of breach of the peace; that appellee was not injured or hurt in any manner by the act of the conductor in 'refusing him admission to the train.

First. Section 3 of the act of March 2, 1909, provides as follows:

"All conductors on trains running in this State are hereby authorized and impowered to act in the capacity of peace officers on their respective trains in this State for the specific purpose only to arrest any and all persons on their respective trains that they find to be drunk or in an intoxicated condition, and deliver said person or persons together with the names of two witnesses, who are not railroad employees, to some peace officer at the first available opportunity, and said conductor is hereby authorized and impowered to deputize any person or persons present to assist him in the performance of said duty."

The appellant contends that the act "makes the conductor the absolute judge of the passenger's condition with reference to being drunk on any train in this State." That is not a correct construction of the statute. The conductor in the discharge of his duty under this statute must not act arbitrarily, and without due care. While the company, under this statute, could not be held liable for the conduct of the conductor in making the arrest of any person so long as such conductor was acting in good faith and with ordinary care, yet the company would be liable if the conductor in arresting any person did not exercise ordinary care to ascertain whether such person was drunk or did not act in good faith, *i. e.*, with the honest purpose to discharge his duty under the circumstances.

Where one arrested by the conductor of a railway train shows that he was not drunk when he was arrested, the company, in order to escape liability for any damages that resulted proximately from such arrest, would have to show that its conductor acted in good faith in making such arrest, *i. e.*, that he honestly believed, after the exercise of ordinary care under

the circumstances of the arrest, that the person arrested was drunk. The company would not be liable for the arrest, where the person arrested was sober, if the conductor, exercising ordinary care, honestly believed, under all the facts and circumstances, that the party arrested was drunk, and made the arrest and the ejection without any unnecessary force. Whether or not the party arrested· was drunk at the time of the arrest, and whether the conductor in making the arrest acted with ordinary care, and whether he honestly believed at the time of the arrest that the party arrested was drunk, and whether he used only such force as was necessary, are all questions of fact to be submitted to the jury under appropriate instructions.

Second. Appellant contends that the court erred in giving appellee's prayer number 8 as follows:

"8. Although you are instructed that the conductor would be the judge as to whether the plaintiff was drunk, yet, if the conductor erred in his judgment, the defendant would be answerable and liable for any injuries that resulted therefrom."

The instruction was erroneous. It does not conform to the statute as we have construed it. Under this instruction the appellant would be liable for any mistake of its conductor in making the arrest, no matter if he acted in good faith and with ordinary care. True, in other instructions given at the request of appellant the jury were told that if the conductor "honestly and in good faith believed that appellee was drunk," and for that reason "refused to permit him to enter the train," etc., appellee could not recover. But these latter instructions were in conflict with instruction number 8, *supra*.

The attention of the court was specifically directed to the error in instruction number 8 by instructions numbered 3 and 13 given at appellant's request (Reporter set forth 3 and 13 in note).*

The jury under the conflicting instructions would not know which were correct, and would be without any sure guide. Con-

---

*Instruction No. 3 requested by the appellant and refused by the court, and instruction No. 13 given at appellant's request, were as follows:

"3. If you find from the evidence that at the time plaintiff presented himself at the train of defendant in Little Rock for the purpose of taking passage thereon he appeared to be under the influence of intoxicants or was intoxicated, or if the conductor or the agents and employees of

flicting instructions should not be given. *Southern Anthracite Coal Co.* v. *Bowen,* 93 Ark. 140, and cases cited. See also *St. Louis, I. M. & S. Ry. Co.* v. *Rogers,* 93 Ark. 564.

The court gave, over appellant's objection, the following instruction:

"You are instructed, if you find for the plaintiff, that it will be your duty to assess his damages, and that in doing so you may take into consideration any injuries inflicted upon the plaintiff, the pain and suffering incident thereto, his humiliation and mortification, and assess his damages at such a sum as in your judgment you may find from the testimony would compensate him for the injuries done, pain, suffering and humiliation."

There was no error in the giving of this instruction. By it the jury were left to determine from the testimony what damage appellee had suffered from the injuries done, pain, suffering and humiliation. The instruction did not assume the facts. But there was no conflict in the evidence as to appellee having been injured, nor that he suffered pain, and was ejected under circumstances that were humiliating. Therefore, even if the instruction assumed these as uncontroverted facts, it was nevertheless not prejudicial.

The other errors of which appellant complains as to the manner of interrogating witnesses and the remarks of counsel will not likely arise in the next trial, and we will therefore not discuss them.

For the error in giving instruction number 8 as indicated the judgment must be reversed, and the cause remanded for new trial.

---

defendant in charge of said train honestly and in good faith believed that he was drunk or intoxicated, and for that reason refused to permit him to enter said train, then he cannot recover, and your verdict must be for the defendant."

"13. If you find from the evidence that the conductor in charge of defendant's train honestly and in good faith believed from plaintiff's appearance and from the smell of liquor on plaintiff's breath that plaintiff was drunk or intoxicated· when he presented himself for passage upon defendant's train, and that on account of his said condition the conductor refused to accept plaintiff as a passenger, and used no more force than was necessary to prevent plaintiff from entering upon said train, then plaintiff cannot recover, and your verdict should be for defendant." (Rep.)