St. Louis, Iron Mountain & Southern Railway Company

*v.* Dare.

Opinion delivered June 26, 1911.

Carrier—Ejection of drunken passenger—Recovery of price of ticket.— Where, in a suit against a railway company for wrongfully ejecting

a passenger, the jury found that the plaintiff was drunk when ejected, an instruction that in any event plaintiff was entitled to recover the amount paid for his ticket was erroneous where he retained the ticket and did not offer to surrender it to the railway company.

Appeal from Pope Circuit Court; *Hugh Basham,* Judge; reversed.

*W. E. Hemingway, Lovick P. Miles* and *Thos. B. Pryor,* for appellant.

Parties are presumed to contract with reference to existing laws. 28 Ark. 387. The conductor in refusing to accept appellee as a passenger in a drunken condition merely discharged his duty under existing law. Acts 1907, p. 290, § 1; Acts 1909, p. 100; 95 Ark. 506. The court's instruction to find for plaintiff "in any event the sum of $2.25," the price of the ticket, was erroneous.

HART, J. Appellee sued appellant to recover damages alleged to have been sustained by him in being refused admission as a passenger on one of appellant's trains. Appellee testifies that on the second of October, 1908, he bought a ticket from appellant's agent at Russellville, Ark., from that place to Little Rock; that the conductor of the passenger train at which he presented himself for passage refused to permit him to enter the train and become a passenger, alleging as his reason therefor that he was drunk. Appellee denies that he was drunk. He admits that he did not present the ticket to defendant's ticket agent at Russellville, or any other agent of appellant and ask for his money back. He says that he went down to Little Rock on the train that night, but that he bought another ticket, and held this one to use as evidence in this lawsuit.

The evidence on the part of appellant shows that he was drunk when he presented himself for passage on the morning in question, and the conductor testifies that he was staggering and rolling all over the station platform, and that he refused to permit him to become a passenger on the train for that reason. Another witness for appellant testifies that the ticket could have been used for passage to Little Rock on that day or the next, and that the railroad would have redeemed the ticket by refunding the money if it had been presented for that purpose. The jury returned into court the following verdict:

"We, the jury, find for the plaintiff the sum of two dollars and twenty-five cents ($2.25), with interest at six per cent.; otherwise we find for the defendant." .

Judgment was rendered upon the verdict, and appellant prosecutes this appeal to reverse that judgment.

Upon proper instructions, to which no objection was made nor exceptions saved, the jury settled the question in appellant's favor as to whether or not the appellee was drunk at the time he offered himself as a passenger on appellant's train. In this respect there is no appeal from the judgment. *St. Louis, I. M. & S. Ry. Co.* v. *Hudson,* 95 Ark. 506.

The only question involved in this appeal is the appellee's right to recover the purchase price of his ticket. The court directed the jury, in any event, to find for the plaintiff the sum of two dollars and twenty-five cents ($2.25), this being the amount he paid for his ticket. This was error. Appellee brought this action to recover damages for being refused admission as a passenger on one of appellant's passenger trains. Had the verdict of the jury on this question been in his favor, one of the elements of damage suffered by him would have been the purchase price of his ticket, but the finding of the jury was in favor of appellant, and it only found for him for the purchase price of the ticket because directed by the court to do so. Appellee bases his right to recover in this action upon the alleged wrongful refusal by appellant to permit him to become a passenger on one of its trains on the morning in question, and, the verdict and judgment on this question being against him, appellee is not entitled to recover any damages in this action.

Even if he were entitled to recover the value of the ticket, he could not do so because he retained it and did not offer to surrender it to the company. It is ordered that the judgment for $2.25 be reversed, and the case dismissed.