# King *v.* Gray, *et al.*       .

*False Imprisonment.*

(Decided November 7, 1914.   66 South. 643.)

1. *False Imprisonment; Issues.*—Where a complaint for false imprisonment alleged that the imprisonment was malicious and without probable cause, instead of unlawful and without probable cause, plaintiff had the burden of proving both malice and want of probable cause.

[King v. Gray, et al.]

2. *Same; Gist of Action.*—The gist of the action for false imprisonment is the unlawfulness of the imprisonment.

3. *Pleading; Amendment; Time.*—Where plaintiff alleged that the imprisonment was malicious and without probable cause, instead of unlawful and without probable cause, plaintiff was entitled to an order granting leave to amend just before the jury retired by striking the word "malicious". and inserting the word ."unlawful," upon such terms as the court might prescribe.

4. *Sheriffs and Constables; Deputy; Official Acts; Sheriff's Liability.*—A sheriff is answerable for the official acts of his deputy and liable in trespass for a false imprisonment by the deputy.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by Dan L. King aganst John M. Gray and others, as his official bondsmen, for damages for false imprisonment. Judgment for defendant and plaintiff appeals. Reversed and remanded. ·

DAVIS & FITE, for appellant.

RAY & COONER, and BANKHEAD & BANKHEAD, for appellee.

DE GRAFFENRIED, J.—The first and third counts of the complaint were for unlawful imprisonment, and the other counts were for a malicious prosecution. In the first and third counts the plaintiff charged that the defendants "maliciously" and without prabable cause arrested and imprisoned him.

In an action for false imprisonment, if the complaint charges that the imprisonment was "malicious" and without probable cause, instead of charging that it was "unlawful" and without probable cause, both the "malice" and the want of probable cause must be proven. —*Rich v. McInerny*, 103 Ala.. 345, 15 South. 663, 49 Am. St. Rep. 32.

"To maintain an action for false imprisonment, it is not essential that the arrest and imprisonment

should have been obtained by malice and without probable cause; but, when these elements are averred in the complaint, they must be shown by the evidence to have existed, before the plaintiff is entitled to a recovery."—*Rich v. McInerny, supra.*

The gist of an action for unlawful imprisonment is the "unlawfulness" of the imprisonment.—*Rich v. McInerny, supra.*

It will be seen from the above that in counts 1 and 3 in charging that the imprisonment was "malicious," instead of that it was "unlawful," the plaintiff assumed a burden which the gist or substance of his action did not require of him.—*Rich v. McInerny, supra.*

1. It appears from the bill of exceptions that after all of the evidence had been given to the jury, and after counsel on both sides had concluded their arguments to the jury, and after the trial judge had completed his oral charge to the jury, and after he had passed on the written charges which counsel had requested him to give to the jury, but while the jury was still in the box and before they had retired, counsel for plaintiff asked leave of the court to be permitted to strike the word "malicious" from the first and third counts of the complaint and to be allowed to substitute therefor the word "unlawful." This amendment would simply have relieved the plaintiff of the needless burden of proving, as a prerequisite to his recovery, that the imprisonment was "malicious" instead of unlawful.

2. Undoubtedly the offer to amend came at a very late stage of the trial, viz., just before the jury retired. This situation may have called for terms from the trial judge, but it did not destroy the right of the plaintiff to his amendment. The trial judge, it is true, says in the bill of exceptions that the allowance of the amend-

ment at the particular stage of the trial would have resulted in an injustice to the defendants, but in this we are unable to agree with the trial judge. The object of trial by jury is to obtain for litigants justice under the law and if a party, through the mistake or inadvertence of counsel, has improperly stated his cause of action, it is the intent of the law that, at any time before the jury retires, he shall have the right, subject to the heavy hand of the court as to terms, to amend his cause of action to the end that if his evidence shows a legal right the jury may, by their verdict, give him legal redress.—Code 1907, §§ 5367 and 5369; *Mahan v. Smitherman,* 71 Ala. 565; *L. & N. R. R. Co. v. Markee,* 103 Ala. 171, 15 South. 511, 49 Am. St. Rep. 21; *Hanchey v. Brunson,* 181 Ala. 543, 61 South. 258.

3. The defendant Shores is a deputy sheriff. The other defendant, Gray, is the sheriff. Shores the deputy, arrested the plaintiff without a warrant and lodged him in the county jail and kept him there for a period. Gray, the sheriff, had, as sheriff, charge of that jail. In fact, it was ruled as far back as 1825 that the "law is clear that the high sheriff is answerable for the official acts of his deputy," and is liable in trespass vi et armis, for a trespass of a deputy.—*Prewitt v. Neal,* Minor, 386; *Albright v. Mills,* 86 Ala. 324, 5 South. 591. This being true, the amendment should have been allowed.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.