## HOTEL TUTWILER OPERATING CO. v. EVANS. (6 Div. 558.)

(Supreme Court of Alabama. June 23, 1922. Rehearing Denied Oct. 12, 1922.)

1. Statutes ⟷117(8)—Act amending section of Code relating to bills of exceptions held not void as not clearly expressing subject in title.

That part of the subject of Act Sept. 25, 1915 (Gen. Acts 1915, p. 816), entitled "an act to amend section 3022 of the Code of Alabama," permitting the filing of bills of exceptions with the clerk, is germane to their establishment, the subject of such section of the Code, and hence the act is not violative of Const. § 45, as not clearly expressing that part

of its subject in its title in so far as it affects, or purports to affect, the presentation of bills of exceptions.

2. False imprisonment ⟷2—Unlawfulness of imprisonment gist of action.

The unlawfulness of the imprisonment is the gist of false imprisonment.

3. False imprisonment ⟷2—Forcible detention without right unlawful imprisonment.

Detention of a person with force or against his will is imprisonment, and, if detention is not rightful, it is unlawful.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, False Imprisonment.]

4. False imprisonment ⟷20(1)—Count held to state cause of action.

A count for false imprisonment alleging that defendant unlawfully arrested and imprisoned plaintiff, or caused it to be done, states a cause of action.

5. False imprisonment ⟷20(1) — Complaint charging "wrongful" arrest held to state cause of action.

A complaint alleging that defendant's agent, acting within the scope of his authority, "wrongfully" imprisoned plaintiff, states a cause of action for false imprisonment, since a "wrongful" arrest is not rightful, and is therefore unlawful.

6. Evidence ⟷473—Witness' impression concerning actuality of arrest when he had seen plaintiff with defendant's agent held improper as calling for conclusions.

In an action for false imprisonment, witness who saw defendant's agent arm in arm with plaintiff crossing a hotel lobby could not state if he "got the impression" plaintiff was under arrest or whether the agent "was taking" plaintiff anywhere, as the jury could draw their own conclusions from the evidence.

7. False imprisonment ⟷40—Instruction held erroneous in omitting question of agent's authority to arrest.

An instruction directing a verdict for plaintiff for false imprisonment on the predicate merely of his arrest by defendant's agent is erroneous in omitting the essential question of agent's authority.

8. False imprisonment ⟷40—Instruction on liability for arrest by defendant held proper.

In an action for false imprisonment, where defendant contended its agent was a collector without authority to arrest, an instruction directing a verdict for defendant if the jury found the only direction given its agent was to make a collection from plaintiff was proper.

9. Trial ⟷296(2)—Erroneous, and not merely misleading, instruction held not cured by other instructions.

A general instruction for plaintiff, omitting the essential question of authority of defendant's agent to make an arrest, as affecting principal's liability in an action for false imprisonment, was erroneous, and not merely misleading, and therefore was not cured by another instruction for defendant if jury found that its

only direction to agent was to collect money and not to arrest.

**10. False imprisonment ⊖15(3)—Vice principal authorizing agent to arrest creates liability in corporation.**

A vice principal may authorize an agent to arrest and thereby create liability in his corporation for false imprisonment, and where the agent conducted plaintiff across the corporation's hotel lobby to office of its manager, who witnessed plaintiff's restraint by the agent and took part in the conversation concerning the object of arrest, the manager was a vice principal, whose acts were the direct acts of the corporation.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action by Virgil V. Evans against the Hotel Tutwiler Operating Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The action is for false imprisonment, and the complaint is in three counts. Counts 1 and 2 charge that defendant unlawfully arrested and imprisoned plaintiff, or caused it to be done. Count 3 charges that "defendant's servant or agent, acting within the line and scope of his authority as such, wrongfully arrested and imprisoned plaintiff."

Demurrer to the complaint being overruled, defendant pleaded the general issue with leave to show any special matters of defense.

The undisputed evidence shows that plaintiff gave his personal bank check to defendant company for $22.45 for a debt due it, and that, when payment was refused by the bank for want of sufficient funds to the drawer's credit, defendant placed the check in the hands of the Bodeker Detective Agency, whose business includes the collection of claims, with instructions to collect it out of plaintiff.

Thereupon an employee of said agency approached plaintiff while seated in his office in or adjoining the lobby of the defendant's hotel, and requested payment of the check. What passed between them is in dispute. Plaintiff's version is that he said he would settle it with the hotel, to which the agent replied, "You will either pay me or I will put you in jail," and thereupon caught plaintiff by the arm, and said, "I am a policeman, and I am going to put you in jail," and when plaintiff saw his badge he went with him, being pulled by the agent across the lobby to the Twentieth street side; then the latter said, "I'll take you to the office, and show you who is boss of this place;" that he then took plaintiff to the office of Mr. Halfacre, the manager of the hotel, who said, "I sent the man there, and you are either going to give me $22 or I am going to put you in jail:" that plaintiff was sitting down, and

got up, and the agent pushed him back in the chair and said, "I want you to understand I am an officer of the law, and you are either going to do what I tell you or I am going to put you in jail;" that they kept him in the lobby until another man came from the Bodeker Agency; that the lobby was full of people at the time; and that plaintiff then paid the check and they let him go.

The evidence introduced by defendant tended to show that plaintiff was not arrested or detained by the said agent, and expressly denied that he was arrested or detained by authority of defendant, or with the knowledge, approval, or ratification of defendant, or any responsible official of the hotel company.

The trial judge instructed the jury at plaintiff's request:

"If you are reasonably satisfied from the evidence that the plaintiff was arrested by or at the instigation of the defendant, its agents or servants, your verdict should be for the plaintiff."

At defendant's request the jury were instructed:

"If you believe from the evidence in this case that the only authority or direction given by the defendant, or by the agents or representatives of the defendant, to Mr. Murphy, was to collect a sum of money owing by Mr. Evans [the plaintiff] to the defendant, it is your duty to return a verdict in favor of the defendant."

This latter instruction, in substance, was also given in the oral charge.

One Almon, a witness for defendant, who had testified that he was present and saw plaintiff and Murphy cross the lobby holding each other by the arm, was asked if he "got the impression that Mr. Evans was under arrest." On plaintiff's objection the question was excluded. The witness was then asked whether or not "this other man [Murphy] was taking Mr. Evans anywhere at the time you saw him." Plaintiff's objection was sustained, with exception; but the witness afterwards stated, "I would say that this other man was not dragging Mr. Evans anywhere by force."

The verdict gave plaintiff $2,500 damages, and there was judgment accordingly. Defendant appeals.

Tillman, Bradley & Baldwin and F. M. Brown, all of Birmingham, for appellant.

The complaint does not state a cause of action. 69 S. W. 959; 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32; 103 Ind. 183, 2 N. E. 582; 58 Colo. 175, 143 Pac. 1092; 101 Neb. 159, 162 N. W. 421. The defendant was due the general affirmative charge. 139 Ala. 161, 34 South. 389; 140 Ala. 582, 37 South. 387; 141 Ala. 246, 37 South. 341; 149 Ala. 539, 43 South. 355; 184 Ala. 567, 64 South.

46. An erroneous written charge, given at the request of one party, is not cured by a correct charge given at the request of the other party, or by the court. 77 South. 726; 150 Ala. 390, 43 South. 723; 192 Ala. 576, 69 South, 4; 200 Ala. 560, 76 South. 918. Acts 1915, p. 816, relieving an appellant of the necessity to present his bill of exceptions to the trial judge when said judge is absent, is not invalid. 75 South. 331; 187 Ala. 411, 65 South. 942.

London. Yancey & Brower, of Birmingham, for appellee.

Acts 1915, p. 816, is unconstitutional and void. Const. 1901, § 45; 187 Ala. 411, 65 South. 942. Each count of the complaint states a cause of action. 195 Ala. 414, 70 South. 734; 153 Ala. 375, 44 South. 979; 196 Ala. 659, 72 South. 261; 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32. A charge in an action for false imprisonment, purporting to deal only with the issues as to the arrest of the plaintiff, does not withdraw all other defenses from the jury. 198 Ala. 162, 73 South. 451; 159 Ill. App. 466; 77 South. 328. One employed by a corporation engaged in the hotel business as its manager is a vice principal, for whose acts in trespass, done in performance of the corporate business, the corporation is liable. 156 Ala. 369, 47 South. 48; 16 Ala. App. 652, 81 South. 144.

SOMERVILLE, J. [1] The motion to strike the bill of exceptions is based on the failure of the trial judge to indorse upon the bill the true date of its presentation to him, showing a presentation within 90 days from the date on which the judgment was rendered; and this insistence is based on the contention that the act of September 25, 1915 (Gen. Acts 1915, p. 816), amending section 3022 of the Code of 1907, is in violation of section 45 of the Constitution, in that it contains two subjects, one of which is not expressed in the title, the argument being, in particular, that the provision authorizing the filing of the bill with the clerk in lieu of a presentation to the trial judge, in the contingencies specified, is not indicated by the title, and is not germane thereto. This objection to the validity of the act has been recently considered by this court, and the validity of the act was sustained in the case of Sallie J. Smith v. Birmingham Realty Co. (6th Div. 557) ante, p. 114, 94 South. 117.

The appellant in this case has followed the provisions of the act, and, the act being valid, the motion to strike the bill of exceptions must be overruled.

[2, 3] The unlawfulness of the imprisonment is the gist of an action for false imprisonment. Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32; King v. Gray, 189 Ala. 686, 66 South. 643. And "detention of a person by another with force, or against the will of the person detained, is an imprisonment in law; and, if such detention is not rightful, it is unlawful." C. of G. Ry. Co. v. Carlock, 196 Ala. 659, 72 South. 261.

[4, 5] Each of the three counts of the complaint states a cause of action, and the demurrers, the grounds of which were general only, were properly overruled. Strain v. Irwin, 195 Ala. 414, 70 South. 734, and authorities supra. Appellant's contention that the third count is fatally defective, even though the first and, second are not, because it charges a "wrongful" instead of an "unlawful" arrest and imprisonment, cannot be sustained. A wrongful arrest or imprisonment is not rightful; and, if not rightful, it is necessarily unlawful. C. of G. Ry. Co. v. Carlock, supra.

[6] The questions propounded to the witness Almon called for mere conclusions on his part, and were properly excluded. The witness stated the facts, and his impression or opinion as to their significance was not proper for the consideration of the jury, who, could draw their own conclusions from all the evidence before them. It may be that the admission of such conclusions, their validity being subject to impeachment on cross-examination, would not be held as reversible error, but the court cannot be put in error for rejecting them.

[7] The special instruction given to the jury at the instance of plaintiff was clearly and vitally erroneous, since it directed a verdict for the plaintiff upon the predicate merely of his arrest by an agent or servant of defendant, and took away from the jury the essential question of the agent's authority, on the one hand, or of the principal's ratification, on the other.

[8, 9] On this question, and on the general principles of liability applicable to this case, the trial judge correctly instructed the jury both in the oral charge and in the special charges given at the instance of defendant; and we apprehend that the giving of the erroneous charge was merely an inadvertence on his part. If it were misleading only, it would be cured by the other instructions referred to, as held in Forbes v. Plummer, 198 Ala. 162, 73 South. 451. On the contrary, it is flagrantly erroneous, and in direct contradiction of the other instructions; and in such cases this court has always declined to speculate or conjecture as to which of the opposing instructions the jury may have followed, and has held that the giving of the erroneous and injurious charge must work a reversal of the judgment. As observed in L. & N. R. R. Co. v. C. M. Brewing Co., 150 Ala. 390, 43 South 723:

"An instruction which attempts to cover the whole case, and authorizes a finding for one party or the other, according as the jury may determine certain facts, is erroneous, if it omits any material issue; and such error is not cured

by another instruction properly submitting the omitted issue."

We need not consider the action of the trial judge in refusing to give the general affirmative charges requested by defendant, covering the first and second counts separately, and also the entire complaint.

[10] Very clearly, however, a count charging trespass against a corporation, as its own direct act, may be supported by proof that it was authorized or ratified by the vice principal or alter ego of the corporation. Union Naval Stores Co. v. Pugh, 156 Ala. 369, 47 South. 48. Here the authorization or ratification, if there was any at all, was by the hotel manager, Mr. Halfacre, who was undoubtedly the vice principal, and whose acts, with respect to the operation of the hotel and the conduct of its business, were the direct acts of the corporation itself. The doctrine of the Henry Case, 139 Ala. 161, 34 South. 389, which has often been followed by this court, and which is now invoked by appellant as entitling it to the general affirmative charge as to the first and second counts, is not applicable to cases of corporate action shown to have been by a vice principal, as distinguished from an ordinary agent or servant.

It is therefore clear that, so far as the general affirmative charge is concerned, all of the counts stood upon the same footing; the right to a recovery depending in each case on proof of an unlawful arrest or detention of plaintiff's person by an agent of the defendant acting within the scope of his authority, or whose act, if originally unauthorized, was presently or subsequently ratified by the defendant company, or its managing and responsible agent.

For the error noted the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.