(94 South. 585)

## BUTTREY v. WILHITE. (8 Div. 476.)

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Denied Dec. 7, 1922.)

**1. False imprisonment ⚖⇒2—Elements stated.**

The action for false imprisonment is in trespass, and consists of the detention of the person, which detention is unlawful.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, False Imprisonment.]

**2. False imprisonment ⚖⇒20(1)—Averment of act within scope of employment held sufficient.**

An averment that one, while acting in the course of her employment as agent of defendant, unlawfully caused plaintiff to be arrested and imprisoned, is a sufficient averment of agency and action within the line of employment, and it is unnecessary to allege that the agent was acting in the interest of the master.

**3. False imprisonment ⚖⇒20(1)—Averment of unlawfulness sufficient under statute.**

The gist of the action for false imprisonment defined by Code 1907, § 4238, being the unlawfulness of the imprisonment, the averments of malice, and want of probable cause required by Code, form 19, § 5382, are unnecessary, where the imprisonment is averred to have been unlawful, but a count, failing to charge that the arrest and imprisonment were unlawfully caused, is subject to demurrer.

**4. Appeal and error ⚖⇒1040(11)—Overruling demurrer without injury where case is tried on proper issue.**

Error in overruling a count failing to charge that an arrest and imprisonment were unlawfully made is without injury, where trial was had on the issue of unlawfulness of the arrest complained of.

**5. False imprisonment ⚖⇒15(3) — Principal held not liable for acts of agent stepping aside from service.**

Where defendant's agent, causing plaintiff's arrest for uttering a forged check for goods at defendant's store, acted some weeks thereafter, and in the absence of defendant, off his premises, and without any colorable right, pointed out plaintiff to a policeman, who arrested her on a street car, defendant was not liable; the agent having stepped aside from her employment.

**6. False imprisonment ⚖⇒15(3)—Officer making arrest held not an agent by ratification.**

That the officer who arrested plaintiff at the instigation of defendant's agent, acting without the scope of her employment, brought the plaintiff to defendant's place of business, in defendant's absence, where defendant's wife was, who stated she did not know the reason for the arrest, was insufficient to make the officer an agent by ratification so as to make defendant liable for the arrest.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action for unlawful arrest by Willie Wilhite against J. A. Buttrey. From a judgment for plaintiff defendant appeals. Reversed and remanded.

Eyster & Eyster, of Albany, for appellant.

The action for false imprisonment is maintainable only when the arrest and imprisonment are done or caused by the defendant, upon a criminal charge, with malice, and without probable cause. Code 1907, § 4238; 103 Ala. 353, 15 South. 663, 49 Am. St. Rep. 32. This being an action in trespass, the counts should have contained some averment of direct authority from the defendant for the doing of the act complained of, or his ratification. 103 Ala. 351, 15 South. 663, 49 Am. St. Rep. 32; 145 Ala. 664; 200 Ala. 263, 76 South. 28, L. R. A. 1918A, 115; 201 Ala. 140, 77 South. 562; 192 Ala. 629, 69 South. 57; 203 Ala. 328, 83 South. 52; 106 Miss. 290, 63 South. 644, 51 L. R. A. (N. S.) 471; 156 Ala. 375, 47 South. 48; 148 Ala. 455, 42 South. 735; 38 Ala. 210; 107 Ala. 643, 18 South. 266. One cannot be held liable for false imprisonment, where he merely told an officer of his suspicion that certain persons had stolen, and the officer, acting on his own initiative, made an arrest. 95 Kan. 524, 148 Pac. 750, L. R. A. 1915E, 885, Ann. Cas. 1917E, 401; 118 La. 67, 42 South. 648. The defendant was due the affirmative charge. 192 Ala. 407, 68 South. 328, L. R. A. 1915F, 516; 145 Ala. 564, 40 South. 505; 150 Ala. 415, 43 South. 726, 10 L. R. A. (N. S.) 653.

S. A. Lynne, of Decatur, for appellee.

Whatever the master may do in the protection of his property, he expects his servants to do in his absence; and for all acts done within the limits of the implied authority the master is liable, however erroneous, mistaken, or malicious such acts may be. 51 Md. 290, 34 Am. Rep. 311; 18 R. I. 224, 26 Atl. 193, 19 L. R. A. 824; 56 Ind. App. 436, 104 N. E. 315; 99 Ill. App. 1; Wood on Master & Servant, § 285; 100 Ind. 138; 119 Ala. 565, 24 South. 764; 136 Ark. 122, 206 S. W. 141. It is not essential to the liability of the master that the servant should be authorized, either expressly or by implication, to do the very act for which the master is sought to be made liable. 99 Ill. App. 1; 18 R. I. 224, 26 Atl. 193, 19 L. R. A. 824; 146 Mo. App. 246, 130 S. W. 430.

THOMAS, J. The trial was had on counts the substance of which was that an agent of defendant, while acting in the scope of the employment as such agent, unlawfully caused plaintiff to be arrested and imprisoned, on the charge of publishing as true a forged check, etc. Demurrer being overruled, defendant interposed the plea of the general issue. The judgment was for plaintiff. On

this appeal defendant insisted that he was entitled to the general affirmative charge.

[1, 2] The action for false imprisonment is in trespass, and consists (1) of the detention of the person, (2) which detention is unlawful. Rich v. McInerny, 103 Ala. 345, 351, 15 South. 663, 49 Am. St. Rep. 32. The averments of agency and action within the scope thereof are "while acting in the course of her employment as the agent of the defendant" unlawfully caused the arrest and imprisonment of plaintiff, and "that an agent and employee of the defendant, * * * and while acting within the course of her employment, caused plaintiff to be arrested and imprisoned," etc., "on a charge of uttering and publishing as true a forged check, with the intent to injure or defraud the defendant," etc. This averment of agency or action within the line of the employment is sufficiently stated in counts 2 and 3. Jones v. Strickland, 201 Ala. 138, 77 South. 562. It was not necessary to allege that the wrong complained of was in the interest of the master. Sou. Ry. v. Wildman, 119 Ala. 565, 570, 24 South. 764; for "the act may be within the scope of the agent or servant's authority, and yet not be in the interest of the master or in the prosecution of the master's business." Jones v. Strickland, supra. The alleged agent may, however, have stepped aside from the scope of the agency or the master's business. Republic I. & S. Co. v. Self, 192 Ala. 403, 68 South. 328, L. R. A. 1915F, 516; Sokol Fur. Co. v. Gate, ante, p. 107, 93 South. 724; King v. Gray, 189 Ala. 686, 66 South. 643.

[3, 4] The statutory definition of false imprisonment is:

"False imprisonment consists in the unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty." Code, § 4238.

The Code form of complaint for false imprisonment uses the words "for maliciously, and without probable cause therefor, arresting and imprisoning," etc. Code, § 5382, form 19. When these elements are averred, they must be proved; yet, the gist of the action being the unlawfulness of the imprisonment, the foregoing averments are not necessary, where the imprisonment is averred to have been "unlawful." Count 2, not being for malicious prosecution, but for false imprisonment, was not subject to the grounds of demurrer assigned, for not alleging that the arrest and false imprisonment was "malicious" or "without probable cause." King v. Gray, supra; Goodloe v. M. & C. R. Co., 107 Ala. 233, 18 South. 166, 29 L. R. A. 729, 54 Am. St. Rep. 67.

Count 3 was subject to demurrer for failure to charge that the arrest and imprisonment were unlawfully caused. Hotel Tutwiler Oper. Co. v. Evans (Ala. Sup.) 94 South. 120;[1] Sokol Fur. Co. v. Gate, supra; Sanders v. Davis, 153 Ala. 375, 44 South. 979; Strain v. Irwin, 195 Ala. 414 (4), 70 South. 734; C. of Ga. v. Carlock, 196 Ala. 659, 72 South. 261. However, the same act is charged in the two counts, 2 and 3. The evidence shows that defendant's agent in question, named in count 1 and averred to be unknown to the pleader in count 2, was Miss Alexander. If there was error, it was without injury in overruling the demurrer to count 3, since the trial was had upon the issue of the unlawfulness of the arrest caused by Miss Alexander. Jackson v. Vaughn, 204 Ala. 543, 86 South. 469.

[5] In no event may there be recovery; on the undisputed evidence the original transaction, in which the alleged forged check was given for goods at defendant's store, was closed; the guilty agent had long gone from the scene of the forgery or uttering of such check. Some weeks thereafter, in the absence of the defendant, off his premises and without any colorable right in Miss Alexander or other employee of defendant, she pointed plaintiff out to a policeman who arrested her on the street car and detained her as averred. This was a stepping aside from the services of the master and from her employment, that is within the influence of the rule applied in Republic I. & S. Co. v. Self, supra; Wells v. Henderson Land & Lbr. Co., 200 Ala. 262, 76 South. 28, L. R. A. 1918A, 118, notes; Barker v. Dairymen's Milk Products Co., 205 Ala. 470, 88 South. 588; Birmingham Macaroni Co. v. Tadrick, 205 Ala. 540, 88 South. 858; Jebeles-Colias Confec. Co. v. Booze, 181 Ala. 456, 62 South. 12.

[6] The wrongful acts charged in counts 2 and 3 of the complaint as amended are referred to the original taking on the street car, the arrest, and detention thereunder. Sokol Fur. Co. v. Gate, supra; Hotel Tutwiler v. Evans, supra. The fact that the officer carried the plaintiff to defendant's store, in defendant's absence, where defendant's wife was, and who, in response to plaintiff's inquiry as to the cause of her detention replied that she did not know why she was there, or words to that effect, was not sufficient to subject the defendant to liability for the unlawful arrest. That is to say, the evidence is not sufficient to make Hendrix the chief of police, an agent or representative of defendant under the principle of ratification. Gambill v. Fuqua, 148 Ala. 448, 459, 42 South. 735; Robinson & Co. v. Greene, 148 Ala. 434, 440, 43 South. 797. See Ex parte L. & N. R. Co., 203 Ala. 328, 83 South. 52; Standard Oil Co. v. Davis, 94 South. 754;[2] Standard Oil Co. v. Humphries, 205 Ala. 529, 88 South. 855.

If the arrest had been made at or about the time the offense was committed, and

[1] Ante, p. 252.        [2] Ante, p. 565.

under such circumstances that the servant was in the protection of the master's property and the conduct of his business, or when the servant was left by the master in a situation in relation to his business as that the servant was obliged to determine the fact where his duty to the master required the determination of the fact, and where the duty of the agent to the master depended upon discretion, a different case would be presented. Hotel Tutwiler v. Evans, supra. See, also, Field v. Kane, 99 Ill. App. 1.

The general affirmative charge should have been given for defendant.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.