## Cope v. Askins, et al.

(Decided March 20, 1925.)

Appeal from McCracken Circuit Court.

1. False Imprisonment—Employe Held Not Acting Within Scope of Employment in Having Plaintiff Arrested for Issuance of Bad Checks.—Where defendant's employe, who aided in having plaintiff arrested for alleged issuance of bad checks was unauthorized to accept checks, and had paid loss from his own pocket be-

fore the arrest, held that he was not acting within scope of his employment rendering defendant liable for his acts.

2. False Imprisonment—Defendant Held Not Guilty of Aiding Others in Procuring Plaintiff's Arrest.—Where plaintiff was arrested for alleged issuing of bad checks, but not under warrant taken out by defendant, and defendant did not participate in arrest, mere fact that defendant went to jail to identify plaintiff, and aided in making up a purse to reimburse plaintiff, held insufficient to show that he aided and counseled others in procuring plaintiff's arrest.

L. B. ALEXANDER, C. C. GRASSHAM and J. B. ALLENSWORTH for appellant.

WHEELER & HUGHES and MOCQUOT, BERRY & REED for appellees.

Opinion of the Court by Judge Dietzman—Affirming.

In the month of February, 1922, some one representing herself as Mrs. A. E. Cope, bought some goods from three different stores in Paducah, to each of which she gave a check in payment, signed "A. E. Cope, by Mrs. A. E. Cope." These checks were drawn on a bank at Calvert City, Kentucky, and in due time were returned as "no good." Thereupon James W. Graham, who was the resident manager of a department store to which one of these checks was given, together with the son of Mr. W. E. Cochran, to whom another one of these checks was given and for whom his son was working, started an investigation. They went to Calvert City and ascertained that a man by the name of Archie Cope had lived there and married a girl of that town, but that he was then residing in Illinois. The two then visited the mother of Mrs. Cope, and without imparting to her the reason of their mission secured from her the address of her daughter. They then returned to Paducah, where Graham, the elder Mr. Cochran and one Rudy, to whom the third check was given, swore out warrants against Mrs. A. E. Cope, alias Mrs. John Doe, charging her with the offense of issuing these bad checks. The check given to the store for which Graham was manager being over $20.00 and, therefore, a felony, the police officials of Paducah, acting under its authority, communicated with the officers in Illinois and had them arrest Mrs. Alice Cope, the appellant herein. A police officer from Paducah then went up to Illinois and returned with appellant, who had waived extradition proceedings. On their return appellant was

confronted by the clerks of the three stores at which the checks were cashed, and was promptly exonerated from being the one who had cashed the checks. Of course, she was immediately released. At this meeting Cochran, Rudy and Graham, who were present for the purpose of identifying appellant, made up a purse to reimburse Mrs. Cope for her expenses from and to her home in Illinois. Later Mrs. Cope sued Rudy, the elder Cochran, Graham and his employer, Askins, for false imprisonment. At the conclusion of the case the court instructed the jury to peremptorily find a verdict in favor of Rudy and Askins, but submitted the case as to Cochran and Graham, against whom the jury found a verdict of $600.00, from which Cochran appealed to this court. His appeal has been disposed of this day. Cochran v. Cope, — Ky. —; — S. W. —. Appellant prosecutes this appeal from the judgment exonerating Askins and Rudy.

So far as Askins is concerned, the evidence shows that he at all times was a nonresident of the state; that his store in Paducah was in the entire charge and management of Graham and that Askins himself took no personal part in the arrest of appellant and did not know anything about it. It is only sought to hold him under the doctrine of principal and agent, the appellant insisting that Graham in having her arrested was acting within the scope of his employment and for his employer. The evidence, however, discloses that Graham had no authority to receive checks in the payment of merchandise; that despite his orders to the contrary he did receive this check, and when it came back protested he at once out of his own funds made the amount good to his house, and all this before the swearing out of the warrant and the arrest and prosecution of appellant. Thereafter the house and Askins had no more interest whatever in this check or prosecution. It seems clear to us that Graham was not acting for his employer in the arrest and prosecution of appellant, but undoubtedly either to have her reimburse him after her arrest, as is permitted and allowed by the statute governing "cold checks," or to punish her. We, therefore, conclude that the peremptory as to Askins was proper.

As to Rudy, appellant was not arrested under the warrant taken out by him and the only way that Rudy can be held is on the idea that he counseled, assisted and helped Graham and Cochran in the procurement of appellant's arrest. The evidence fails to disclose this. The

arresting officers are not able to state that Rudy gave them any directions prior to the arrest or that he participated whatever in the ordering of the arrest or the securing of the information by which the arrest was consummated. About all that connects Rudy with the activities of Cochran and Graham is that after the arrest he came over to the police station to identify appellant, and that he put up five or six dollars as a part of her expenses. The attempted identification of appellant by Rudy is entirely consistent with the absence of activity on his part in the procurement of her arrest prior to that event. He had a bad check, too, and he had a right to have the author of the check arrested, and he had a right to go to the jail to ascertain if the person arrested was the one for whom he had sworn out a warrant but which had not been executed. We do not think that his aid in the making up of the purse to reimburse appellant, without something else to connect him with her arrest, is sufficient to warrant a judgment against Rudy for the procurement of that arrest. We think, therefore, that the peremptory as to Rudy likewise was justified.

The judgment of the lower court is affirmed.