## Ward v. Kentucky River Coal Corporation.

(Decided October 9, 1931.)

S. M. WARD and C. A. NOBLE for appellant.

P. T. WHEELER, JESSE MORGAN, and J. E. JOHNSON, Jr., for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Affirming.

The appellant, Herbert Ward, has appealed from an order and judgment of the Perry circuit court sustaining demurrer and dismissing his petition against the Kentucky River Coal Corporation and others charging false imprisonment.

The appellant was arrested by one John Riddle, who was a deputy sheriff of Perry county, and carried a distance of five or six miles to the justice's court of Kirby Cornett, where he was released. A. M. Gross was sheriff of Perry county, and John Riddle was deputy sheriff. G. Turner Howard was agent and acting for the Ken-

tucky River Coal Corporation. It is charged that the arrest was made at the instance of G. Turner Howard acting for and on behalf of the Kentucky River Coal Corporation. It is further stated that the arrest was made without a warrant, that no offense had been committed in the presence of the officer, and that neither the officer nor Howard had any reasonable grounds to believe that Ward had committed a felony. It avers the arrest was made willfully, maliciously, and wrongfully without right, by force and arms, and that he was imprisoned, and as a result of such illegal and wrongful act caused to suffer loss of time, physical discomforts, humiliation, and embarrassment, and damaged in the sum of $5,000. The Kentucky River Coal Corporation filed a general demurrer to the petition, which was sustained to the defendant; A. M. Gross and the Kentucky River Coal Corporation and the plaintiffs decline to plead further the petition as to the Kentucky River Coal Corporation, and A. M. Gross was dismissed and an appeal granted, which is now before us.

An examination of the petition fails to disclose the offense for which the appellant was arrested or to state any facts from which it might be ascertained. It merely states that A. M. Gross was sheriff, that John Riddle was deputy sheriff, and that G. Turner Howard was agent and acting for the Kentucky River Coal Corporation and under their employment, and that Ward was arrested at the direction, advice, and command of G. Turner Howard, the Kentucky River Coal Corporation's agent, and that he was carried five or six miles before a justice of the peace, and that he was there released. Section 36 of the Criminal Code of Practice provides: "A peace officer may make an arrest—

"1. In obedience to a warrant of arrest delivered to him.

"2. Without a warrant, when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony."

Section 38 of the Code provides: "A magistrate or any judge may orally order a peace officer or private person to arrest any one committing a public offence in the magistrate's or judge's presence, which order shall authorize the arrest." The only time a peace officer,

under our Code, has a right to make an arrest without a warrant, is when an offense is committed in his presence, or when a magistrate or a judge shall authorize the arrest of an offender when the offense is committed in the justice's or magistrate's presence. But the question we have before us is even more limited. The only question before us for determination is, Was the lower court right in sustaining the demurrer as to the Kentucky River Coal Corporation? It is established principle of law that a corporation is responsible for the acts of its agent when acting within the scope of their employment, and this is true in cases of false imprisonment as in other acts. L. & N. R. R. Co. v. Offut, 204 Ky. 51, 263 S. W. 665; L. & N. R. R. Co. v. Owens, 164 Ky. 557, 175 S. W. 1039. But in tort actions of this kind liability is limited to the acts committed by the agent within the scope of his agency. Cope v. Askins, 208 Ky. 86, 270 S. W. 454; Buttrey v. Wilhite, 208 Ala. 573, 94 So. 585; Ex parte Central Iron & Coal Company, 212 Ala. 130, 101 So. 824; Central Iron & Coal Company v. Wright, 20 Ala. App. 82, 101 So. 815; Dickinson v. Muse, 135 Ark. 76, 204 S. W. 609; Mercer v. Harvey, 116 Kan. 365, 226 P. 761; Wade v. Campbell, 211 Mo. App. 274, 243 S. W. 248. The liability of a principal for acts of his agent in causing an arrest for false imprisonment depends upon whether he was acting within the scope of his agency or had previously been authorized to do the act, or where the principal subsequently ratified the act of his agent. Bushardt v. United Investment Company, 121 S. C. 324, 113 S. E. 637, 35 A. L. R. 637; Galveston, H. & S. A. R. R. Co. v. Harden (Tex. Civ. App.), 236 S. W. 146.

It is clear to our mind under the allegations of this petition that the court very properly sustained the demurrer. There is no allegation as to what the offense was for which the appellant was arrested. There is no allegation as to the agency of Howard other than he was acting for and with authority for the Kentucky River Coal Corporation. In view of the above authority and the rule which has been announced by this court in the Cope case, supra, the authority for his acts would have to be pleaded more specifically than here. Before the Kentucky River Coal Corporation would be responsible for this arrest, one of three things must be shown. It must be shown that Howard, in ordering the arrest of Ward (if he had any right to order it at all), acted within the scope of his business, or that he had specific author-

ity from his principal to do this act, or that subsequent to the act the company had ratified it. None of these conditions are shown in the petition.

In view of the rule announced in Shelton v. National Surety Company, 235 Ky. 778, 32 S. W. (2d) 339, 340, we seriously doubt the responsibility of any one other than the immediate actors in an arrest of this character. In this case, the court, speaking of an arrest made without authority, after quoting the two sections of the Code that we have quoted above, says: "If he makes an arrest in any other way, it is not authorized by law, and is consequently his individual and not his official act. . . . If he is armed with no writ, or if the writ under which he acts is utterly void, and if there is, at the time, no statute which authorizes the act to be done without a writ, then the officer is not acting by virtue of his office." But we do not deem it necessary to go further into this question while it is raised and discussed at some length in the briefs for both the appellant and appellee. The only question before us is the propriety of the court in sustaining the demurrer, and, since we have reached the conclusion that the court is correct in its ruling thereon, the judgment is therefore affirmed.