PER CURIAM.
This appeal challenges the trial court’s holding that a private employer (Greyhound Bus Lines) is not liable for wrongs occurring during the exercise of the statutory arrest authority held by police officers employed by Greyhound.
At the close of all the evidence, the trial court directed a verdict in favor of Greyhound in the following context: Greyhound hired two City of Mobile police officers as security guards during their “off-duty” hours. While so employed, they observed Julius Perry committing a misdemeanor— disorderly conduct. The officers arrested Perry and, during his apprehension, a brief scuffle occurred. He was then handcuffed and taken to the police station. He was later tried and found guilty of disorderly conduct; no appeal was taken. During this entire incident, the officers followed established procedures of the Mobile Police Department.
Perry sued Greyhound for assault and battery, claiming that the arresting officers, acting as security guards for Greyhound and not as police officers for the City of Mobile, had no authority to use physical force in effecting the arrest and apprehension of Perry.
Because the offense for which Perry was arrested was committed in the officers’ presence, we affirm the summary judgment, based on the principles enunciated in Driskill v. State, 376 So.2d 678 (Ala.1979); Hood v. City of Bessemer, 404 So.2d 710 (Ala.Cr.App.1980); Hutto v. State, 53 Ala.App. 685, 304 So.2d 29 (1974), cert. denied, 293 Ala. 758, 304 So.2d 33 (1974). See, also, Code 1975, §§ 15-10-3 and 13A-3-27.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.