The plaintiff appeals from the trial court's judgment dismissing his case pursuant to Rule 12(b)(6), Ala.R.Civ.P.
The plaintiff, Carlton Whitely, alleged the following facts in his complaint: On February 1, 1995, Whitely, accompanied by his 12-year-old son, stopped at the Food Giant grocery store in Bessemer, Alabama. Whitley intended to use the pay telephone to call home to see if any groceries were needed. As Whitely approached the telephone, a woman cut in front of him and proceeded to lift the receiver. Whitely stepped back and waited for her to finish her call. After she hung up the receiver, Whitely picked it up and began dialing. The woman immediately began cursing Whitely. Gary Dison, an off-duty Bessemer police officer working as a security guard for Food Giant, approached them and asked what had happened. Whitely apprised him of the details, while the woman continued cursing him and using racial slurs. Whitely then turned to face the woman. Dison stepped in between them, grabbed Whitely, and spun him around, told him to place his hands on the wall, and started to handcuff him. Another woman, who appeared to be the sister of the cursing woman, hit Whitely in the face. Two Bessemer police officers arrived at the scene; one of these officers knocked Whitely's legs out from under him, causing him to fall to the ground. While Whitely was lying on the ground, Dison or one of the police officers hit him in the head and cursed him. The officers then lifted Whitely and took him to their patrol car. Whitely informed them that his 12-year-old son was with him, but the officers did not respond, and his son was left without a ride home. Whitely was arrested and prosecuted for resisting arrest and disorderly conduct, but these charges were terminated in his favor.
Whitely sued the City of Bessemer, Dison, Don Cartier (another Bessemer police officer), Food Giant, Inc., and fictitiously named *Page 504 
defendants, alleging assault and battery, malicious prosecution, false imprisonment, violation of constitutional rights, and negligent training and supervision. Food Giant filed a motion to dismiss Whitley's complaint pursuant to Rule 12(b)(6), Ala.R.Civ.P. Before the trial court ruled on Food Giant's motion, the parties stipulated that the City of Bessemer, Cartier, and Dison, in his capacity as an agent of the City of Bessemer only, were to be dismissed in accordance with a pro tanto release. The trial court entered an order granting Food Giant's motion to dismiss, and certified this order as final pursuant to Rule 54(b), Ala.R.Civ.P. Whitely appealed to the Alabama Supreme Court, which deflected this case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
The standard of review of Rule 12(b)(6) dismissals is well-settled:
 " 'It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala. 1978).
 " 'Where a 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala. 1982).' "
Seals v. City of Columbia, 575 So.2d 1061, 1063 (Ala. 1991),quoting Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985) (emphasis in original).
Whitely argues that the trial court erred in granting Food Giant's motion to dismiss because, Whitely argues, under the doctrine of respondeat superior, Food Giant can be held liable for assault and battery, malicious prosecution, and false imprisonment.
First, we address the assault and battery claim. Whitley alleged that Dison was acting in his capacity as an agent of Food Giant when all the alleged events occurred. He alleged that Dison touched him in rudeness, anger, or in an otherwise hostile manner. This court has previously held that an employer may be liable for the alleged willful acts of its employees, including assault and battery. Plaisance v. Yelder,408 So.2d 136 (Ala. 1981). Resolving all doubts in favor of Whitely, we think it clear that Food Giant could be liable for the assault and battery allegedly committed by Dison. Therefore, the trial court erred in dismissing this claim.
Whitley also argues that Food Giant is liable for malicious prosecution. The Alabama Supreme Court first recognized that a corporation could be liable for malicious prosecution, under the doctrine of respondeat superior, in Jordan v. AlabamaG.S.R.R., 74 Ala. 85 (1883), and it has continued to recognize the viability of this claim. See, e.g., Delchamps, Inc. v.Morgan, 601 So.2d 442 (Ala. 1992); S.S. Kresge Co. v. Ruby,348 So.2d 484 (Ala. 1977). While all plaintiffs do not ultimately prevail in these actions, our concern is solely whether it is possible, under the facts alleged, for Whitely to prevail. Whitely has alleged that Dison, in his capacity as an agent of Food Giant, initiated a judicial proceeding against him, without probable cause, and with malice. Whitely also alleged that the proceedings were terminated in his favor, and that he has been damaged as a result of the proceedings. Thus, construing all facts in Whitely's favor, we think there is no question that Food Giant could be liable for malicious prosecution. Therefore, the trial court erred in dismissing this claim. *Page 505 
Finally, Whitely argues that the trial court erred in dismissing his claim of false imprisonment. Alabama law provides that an employer can be liable for false imprisonment where its agent causes a wrongful arrest while acting within the scope of his or her employment. Buttrey v. Wilhite,208 Ala. 573, 94 So. 585 (1922); see also Big B, Inc. v.Cottingham, 634 So.2d 999 (Ala. 1993). "False imprisonment" is defined as "the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty." § 6-5-170, Ala. Code 1975. Whitely alleged that Dison caused him to be falsely imprisoned and that Food Giant was liable for Dison's actions. Because, under Alabama law, Food Giant could be liable, the trial court erred in dismissing the false imprisonment claim.
In conclusion, we briefly address Judge Crawley's dissent, in which he discusses the so-called "decisive" issue of whether Dison was acting in his capacity as an agent of Food Giant when the alleged events occurred. As discussed previously, established law regarding the review of a Rule 12(b)(6) dismissal compels us to resolve all doubts in favor of theplaintiff. Not only does the dissent fail to resolve any doubts in Whitely's favor, it goes so far as to search out possible statutory justifications supporting Whitely's arrest. In addition, the dissent's reliance on Dinmark v. Farrier,510 So.2d 819 (Ala. 1987), is totally misplaced. Dinmark was an appeal from a judgment entered on a jury verdict. Indeed, the plaintiff in Dinmark had an opportunity to prove that the security guard was acting as an agent of the store. According to the dissent's interpretation of Dinmark, no plaintiff will ever again be afforded the opportunity to prove that an off-duty officer was acting as a security guard at the time of the plaintiff's arrest, because the dissent assumes that a crime has, in fact, occurred every time an arrest is made. Without the benefit of any depositions, affidavits, or other evidence, the dissent determines that the arrest was proper, because a crime was in fact being committed. We fail to comprehend how the dissent can determine this under the appropriate standard of review.
Based on the foregoing, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result.
CRAWLEY and THOMPSON, JJ., dissent.