Carlton Whitely, Jr., appeals from a summary judgment entered in favor of Food Giant, Inc., in his action alleging assault and battery, malicious prosecution, false imprisonment, violation of constitutional rights, and negligent training and supervision.
This is the second time this case has been before this court.See Whitely v. Food Giant, Inc., 693 So.2d 502
(Ala.Civ.App. 1997). In the previous appeal, we held that the trial court erred by dismissing Whitely's claims, pursuant to Rule 12(b)(6), Ala. R. Civ. P., because Whitely's allegations, if true, could have stated a claim upon which relief could be granted. On remand to the trial court, the parties engaged in discovery. After taking Whitely's deposition, Food Giant moved for a summary judgment; the trial court entered a summary judgment for Food Giant, and Whitely appealed to the Alabama Supreme Court, which transferred this appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
In the previous appeal, we were required by law to construe the allegations in Whitely's complaint in his favor. SeeWhitely, supra at 504, citing Seals v. City ofColumbia, 575 So.2d 1061 (Ala. 1991). Now that the case has moved to the summary judgment stage, we are bound by Rule 56, Ala. R. Civ. P., which provides that a summary judgment is properly entered if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
When the moving party has made a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmoving party to produce substantial evidence in support of its position and creating such an issue. Gray v. LibertyNat'l Life Ins. Co., 623 So.2d 1156 (Ala. 1993). "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989). In reviewing a summary judgment, we must view the evidence in the light most favorable to the nonmovant. Turner v. Systems Fuel,Inc., 475 So.2d 539 (Ala. 1985).
On or about February 1, 1995, Whitely and his 12-year-old son went to the Food Giant store on 19th Street in Bessemer. Unless otherwise noted, the facts recited herein are taken from Whitely's deposition testimony: Whitely wanted to use the pay telephone located outside the Food Giant store, so he went to that telephone and waited for a woman who was using the telephone to complete her call.[1] After she hung up the telephone, she told Whitely that he could not use it, because she was waiting on her sister to bring her another quarter. Whitely told her he was going to use the telephone, and he picked up the receiver and proceeded to make his call. However, he was unable to complete the call on his first attempt, because the woman and her sister, who had apparently returned with the quarter, began yelling and cursing him. The woman's sister said she was going inside the Food Giant store to get a police officer. Whitely told her that she could get anyone she wanted.
Gary Dison, an off-duty Bessemer police officer employed by Food Giant as a security guard, appeared at the scene within a couple of minutes. Whitely explained to Dison what had happened; while he was speaking to Dison, the woman continued yelling and cursing at him. When he finished speaking to Dison, he turned his back toward Dison and the woman to attempt again to make his call. At that time the woman, who was white, was yelling at Dison, telling him her version of the events, and was referring to Whitely, a black man, as a "nigger." At that point, Whitely turned to face the woman and started walking toward her.
At Whitely's deposition, Food Giant showed him a copy of a newspaper article; the article, in which Whitely had been quoted, was apparently published in one of the Birmingham newspapers within a few days after the incident. His quote said in *Page 209 
part that when he walked toward the woman he had his hand balled into a fist, but that he had only intended to scare her, not to hit her.[2] Food Giant's attorney read him that portion of the article and asked if there was anything incorrect in it, and Whitely replied, "Not as I recall." He also testified that he gave the woman a look, which he described for the record as looking her "dead in the eye." Dison also testified that Whitely was making a fist as he walked toward the woman.
As Whitely was approaching the woman, Dison grabbed him, pushed him against a wall, and held him there. The woman and/or her sister hit him while he was being held by Dison. Some other police officers arrived shortly to assist Dison. While officers held Whitely's arms and feet, they "put [him] on the concrete hard." He was arrested and charged with resisting arrest and disorderly conduct. He was ultimately acquitted of these charges.
The early procedural history is set out in Whitely,693 So.2d at 502, as follows:
 "Whitely sued the City of Bessemer, Dison, Don Cartier (another Bessemer police officer), Food Giant, Inc., and fictitiously named defendants, alleging assault and battery, malicious prosecution, false imprisonment, violation of constitutional rights, and negligent training and supervision. Food Giant filed a motion to dismiss Whitley's complaint pursuant to Rule 12(b)(6), Ala.R.Civ.P. Before the trial court ruled on Food Giant's motion, the parties stipulated that the City of Bessemer, Cartier, and Dison, in his capacity as an agent of the City of Bessemer only, were to be dismissed in accordance with a pro tanto release."
Whitely argues that the trial court erred in entering the summary judgment, because, he contends, a jury question exists on the issue of whether Dison was acting as an agent of Food Giant at the time the incident occurred.
The Alabama Supreme Court has held that when an off-duty police officer witnesses an offense for which the perpetrator is arrested, the officer's status changes, and he is then acting in his capacity as a police officer and not his capacity as a security guard. Dinmark v. Farrier, 510 So.2d 819
(Ala. 1987); see also Perry v. Greyhound Bus Lines,491 So.2d 926 (Ala. 1986). The officer's status changes at the time he witnesses the offense. Dinmark, supra.
Whitely walked toward the woman with his hand in a fist and staring her "dead in the eye." Although Whitely says he never intended to hit her, there is no evidence that either Dison or the woman was aware of this. Whitely argues that this was not disorderly conduct because the woman had started the argument by using "fighting words." However, the alleged wrongfulness of the arrest is not relevant on this appeal; that issue was disposed of in Whitely's settlement with the city and the officers in their official capacities.
For Food Giant to be liable under the doctrine of respondeat superior, Dison would have to be acting in the line and scope of his employment with Food Giant when the events complained of occurred. Hudson v. Muller, 653 So.2d 942 (Ala. 1995). Food Giant presented evidence showing that Dison's status changed to that of a police officer when he saw Whitely approaching the woman while making a fist. Whitely did not present substantial evidence creating a genuine issue of material fact on this issue. Therefore, as a matter of law, Dison was acting in his authority as a Bessemer police officer from the moment he witnessed Whitely approaching the woman. The acts Whitely complains of all occurred after Dison's status had changed to that of a police officer. Thus, Food Giant cannot be liable for Dison's actions.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
[1] The woman has never been identified.
[2] As Food Giant states in its brief to this court, had Whitely alleged in his complaint that he walked toward the woman with his hand balled into a fist, the result of the appeal of the Rule 12(b)(6) dismissal may well have been different. However, this fact was not alleged by Whitely and was not before this court in the previous appeal. *Page 210