# Scipio *v.* Pioneer Mining & Mfg. Co. *et al.* ˎ

*Damages for Assault and Trespass.*

(Decided Feb. 26, 1910. 52 South. 43.)

*Master and Servant; Injury to Third Person; Acts of Servant; Jury Question.*—Where a special deputy sheriff employed by defendant pursued a negro he was attempting to arrest into plaintiff's house and committed the alleged trespass and assault on plaintiff, and the evidence as to the agency and scope of his authority was such as to justify different inferences, it was for the jury to determine whether or not his acts were within the line of his employment, and the scope of his authority.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by Connatto Scipio against the Pioneer Mining & Manufacturing Company and others, for damages for an alleged trespass and assault committed by one of the defendants alleged to be a servant of the other defendant. Judgment for defendants and plaintiff appeals. Reversed and remanded.

SUMTER LEA and ARTHUR L. BROWN, for appellant. The whole case turns upon the question as to whether or not Thomas was an agent of the defendant, and this question should have been submitted to the jury under the evidence.—*Ins. Co. v. Catchings,* 104 Ala. 186; *Ins. Co. v. Lesser,* 28 South. 646; *M. & O. v. Hopkins,* 41 Ala. 486; *Bank of Montgomery v. Plannetto,* 37 Ala. 222; *King v. Pope,* 28 Ala. 601. As to how acts of agency may be shown see.—101 Ala. 1; 39 Ala. 33; 38 Ala. 208; 20 Ala. 313.

PERCY, BENNERS & BURR, for appellee. As defining an assault see.—1 Mayf. 69; 3 Cyc. 1066-68; 2 A. & E.

[Scipio v. Pioneer Mining & Mfg. Co., et al.]

Enc. of Law, 953. There can be no constructive intent in an action for an assault.—*McCormack v. The State,* 102 Ala. 156. Where the premises are occupied, an action of quare clausam fregit can be maintained only by the person in possession.—28 A. & E. Enc. of Law, 573; 15 Ill. 558; *Dean v. Comstock,* 32 Ill. 179. Under the count in this complaint, actual participation by the corporation must be shown.—*City D. Co. v. Henry,* 139 Ala. 161; *C. of Ga. v. Freeman,* 140 Ala. 581. The court properly gave the affirmative charge because the complaint was without support either in fact or justifiable inference.—*L. & N. v. Perkins,* 152 Ala. 133.

MAYFIELD, J.—This is a civil action of assault and trespass. The evidence indisputably showed an assault by one Thomas, in pointing a pistol at plaintiff; and in that Thomas, while pursuing another person (a negro) whom he was attempting to capture, entered the house of plaintiff by force and against her will. The negro fled, and ran into plaintiff's house for shelter; Thomas following and shooting at him, and also shooting into plaintiff's house, and pointing a pistol at or in the direction of plaintiff, threatening her and the negro. The disputed question on the trial was whether Thomas was the agent of defendant, and, if so, whether, in the commission of the assault and trespass (if such he committed), he was acting in such capaciy, and so within the line or scope of his authority as to make his principal liable for the torts so committed.

The little mining town in which plaintiff lived was owned by the defendant mining company, which was engaged in the business of mining and transporting coal. Plaintiff's husband was one of the defendant's coal miners, and she and her husband were living in one of defendant's houses, which they rented. At the time

of the commission of the torts, and for some time before, there was what is popularly called a "strike" on at this mining town or camp. Those miners who belonged to the labor unions had refused to work, on account of some disagreement between the union and the mine operators. The union miners were attempting to prevent nonunion miners from working in the mines, and to induce them to join the union, or to join forces with the union miners in not working, until the mining company should accede to their terms, or at least treat with them as to their differences. Under these conditions the mining company, deeming it necessary, applied to the sheriff of Jefferson county to guard and protect its property and nonunion miners, against the efforts of the union miners, or their sympathizers. To this end an arrangement was effected, whereby the sheriff employed men as special deputies and sent them to the mines, and the mining company compensated the sheriff for the expense and services rendered by the special deputies. Thomas, who committed the assault on this occasion, was one of these special deputies. The negro, whom he ran into plaintiff's house, was one of the union miners or their sympathizers, whom the deputy had arrested for some offense, from which arrest the negro had escaped and was fleeing.

To what extent these special deputies, who are called guards—one of whom was Thomas—were agents of the defendant mining company, and what was the exact scope and line of their authority, if agents, does not clearly appear from the record in this case. In fact, this was the bone of contention on the trial in the lower court. The trial court evidently concluded that there was no agency shown; or, if shown, that it conclusively appeared that the assault committed by Thomas and complained of in this action was not within the line or

[Scipio v. Pioneer Mining & Mfg. Co., et al.]

scope of the agency, in such manner or to such extent as to render the defendant liable for the tort. In this we think the trial court was in error. The evidence tending to prove agency was not wholly free from conflict, and different inferences as to this fact might well be drawn from the evidence on the subject of agency and as to the line, extent, and scope of the authority of the agent, if agency be shown. Under this state of the case and the evidence, the existence of agency, the line, scope, and extent of the agent's authority, and whether the tort, the assault committed by Thomas, was within the line of the employment and within the scope of his authority as such agent, were clearly questions of fact to be determined by the jury, under appropriate instructions from the court, and not questions of law for the court. That is, under the issues and proof in this case, the liability of the defendant company for the assault and tort of Thomas on plaintiff, which was clearly alleged and proven without dispute, was a question of fact for the jury and not one of law for the court.

The trial court therefore erred in taking this question from the jury and in directing a verdict for the defendant. There was no error in sustaining the demurrer to the original complaint. It failed to show any liability on the part of the defendant company for the wrongs complained of.

It is unnecessary to treat, separately, the other questions raised. They may not arise on another trial.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

SIMPSON, McCLELLAN, and SAYRE, JJ., concur in the reversal, but are of the opinion that the action was in case and not in trespass.