MISSOURI PACIFIC RAILROAD COMPANY *v.* YANCEY.

Opinion delivered October 29, 1928.

150

*E. B. Kinsworthy*, for appellant.

*E. P. Toney, N. B. Scott* and *Golden & Golden*, for appellee.

HART, C. J., (after stating the facts). The first assignment of error is that the testimony is not legally sufficient to warrant the verdict. In this contention we cannot agree with counsel. The question whether White, as alleged by the plaintiff, was acting within the general scope of his authority as a special agent for the defendant company, was one of fact. To warrant a submission of the question to the jury, the evidence for the plaintiff, when viewed in its most favorable light, must be sufficient to make it appear that the false arrest was caused by an agent acting in the scope of his authority. *Dickinson* v. *Muse*, 135 Ark. 76, 204 S. W. 609. White testified that he had authority to arrest persons in the

yards of the railroad company who were interfering with railroad property. Yancey testified that, after he had arrested him, White told him that he was arresting him because some one had broken into a box-car of the defendant a few nights previously, and that he was suspected of being that party. Notwithstanding White's denial of this and his testimony to the effect that he had arrested Yancey at the request of the marshal of McGehee as one suspected of burglarizing some houses in McGehee a few nights previously, the jury was warranted in returning a verdict in favor of the plaintiff. The testimony of the plaintiff was of a substantial character, and, if believed by the jury, showed that the plaintiff was arrested by White because he was suspected of having broken into a box-car of the defendant a few nights before, and it turned out that the plaintiff had nothing to do with that crime. He was kept in confinement in the city jail from about 11:30 one night until about 6 o'clock the next afternoon, when he was turned out by the city marshal because it had been ascertained that the plaintiff had nothing to do with breaking into the box-car of the defendant.

The next assignment of error is that the court erred in submitting to the jury the question of punitive damages, and in this contention we think counsel is correct. Actual damages are given to compensate a person for an injury done when none was intended, or, in other words, where the injury was the result of the negligence of the defendant in the action. In such a case the injured party is entitled to recover for the pain and suffering experienced by his false imprisonment, any illness caused by it, the sense of shame and disgrace endured by him, and any other element which was the natural consequence of the injury the plaintiff received by the treatment of the defendant. On the other hand, exemplary damages will not be awarded in this State on account of negligence alone, however gross. *Ward* v. *Blackwood,* 41 Ark. 291, 48 Am. Rep. 41; *St. Louis S. W. Ry. Co.* v. *Owings,* 135 Ark. 56, 204 S. W. 1146; *Hodges* v. *Smith,* 175 Ark. 101, 298 S. W. 1023.

According to these cases, to justify an award for punitive damages there must be malice, express or implied, or some element of willfulness or wantonness.

The general rule is that exemplary or punitive damages will never be allowed where the false imprisonment was brought about in good faith, without malice in fact or in law, and there is no element of wantonness or recklessness on the part of the party making the arrest. 25 C. J. 565; and 11 R. C. L., § 36, page 821. Tested by this rule, we do not think there is any testimony in the record which would warrant the submission of punitive damages to the jury. There is nothing whatever from which the jury might legally infer that White was actuated by malice, express or implied, in arresting the plaintiff. The plaintiff was accompanied by another person who had been charged with stealing cigarettes from a box-car of the railroad company, and the occasion was quite out of the ordinary. The arrest was made in the yards of the company, at 11 o'clock at night, which was an hour when no person was likely to have any business there. White was charged with the duty of protecting the property of the railroad company, and was in the discharge of his duties at the time he made the arrest. As soon as he arrested the plaintiff, he carried him to the depot, some two hundred yards away, and at once delivered him to the night marshal. He had nothing further to do with the matter. The arrest was not accompanied by any abuse or any act of cruelty or oppression. All the accompanying circumstances show that White acted in good faith, and we can find no element of punitive damages in the whole transaction. Therefore the court erred in submitting the question of punitive damages to the jury. For that error the judgment must be reversed, and the cause remanded for a new trial.