149 So. 669

**J. J. NEWBERRY CO. v. SMITH.**

**6 Div. 329.**

Supreme Court of Alabama.

June 22, 1933.

Rehearing Denied Sept. 28, 1933.

---

[1] 226 Ala. 512.

Hollis O. Black and Wm. E. Fort, both of Birmingham, for appellee.

BOULDIN, Justice.

Action in damages for false imprisonment and assault and battery.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Among the questions for review is whether defendant, appellant here, was due the affirmative charge.

The evidence for plaintiff tended to show: Prior to the opening day of J. J. Newberry Store in the city of Birmingham, August 20, 1931, Mr. Newton, manager and alter ego of defendant in the matters here involved, applied at the police office of the city for uniformed policemen to be present and police the store during said day, for the purpose, among other things, of protecting the stock of merchandise from shoplifting.

He was put in contact with officer Ballard, who undertook to furnish or assist in procuring the desired police force.

Certain policemen were at the time not on the city pay roll, but retained their positions, uniforms, and other insignia, for special services of this kind, to be paid for by the party desiring such service. Among these was Paul Robertson, who came on duty at the store, through officer Ballard, at 1 p. m.

on opening day, to relieve another officer, Saunders, who had another engagement at that hour.

There is conflict in the evidence as to whether Mr. Newton knew anything of Robertson's presence or had any personal contact with him. Suffice to say that, in either event, evidence tended to show Ballard's authority to procure the services of such personnel as were available, provided they were policemen in uniform. The men were in the pay of the defendant company while on duty. Although Robertson's name did not appear on the pay roll, some evidence tended to show this was pursuant to an understanding between Ballard and Newton that Saunders' name be still carried without noting the substitution.

Plaintiff's evidence further tended to show: About 2:30 p. m. on that day, plaintiff, a young lady, accompanied by her mother and sister, entered the store as a customer. She purchased a hat which was paid for at the time. At the suggestion of the saleslady she put the hat on, and carried the old one in a bag. She then went with her mother and sister to the dress department on the same floor. Presently Robertson approached from behind, caught her by the arm, jerked her round facing him, and asked: "Do you want to buy that hat you have on?" She replied she had already bought it and showed him the other hat in the bag. He asked if she could show him some one it was bought from. Both proceeded toward the hat counter, the officer pushing her. Many people were in the aisles. The saleslady promptly confirmed the purchase. Robertson then disappeared, saying nothing. On what facts or information he assumed to act in thus demeaning himself does not appear. It appears the saleslady had inadvertently left a tag on the hat when fitting it on the plaintiff. But this, in the absence of further evidence, would furnish him no lawful cause or excuse.

This line of evidence would support a finding that Robertson perpetrated a tort as claimed in the several counts of the complaint; an assault and battery in unlawfully laying hands on plaintiff, and false imprisonment by unlawful arrest, or restraint upon her freedom by force, or under compulsion of official power or authority.

The question of moment is whether defendant is liable for the act of Robertson under the doctrine of respondeat superior.

A party may be guilty of false imprisonment in procuring an unlawful arrest by a police officer acting solely as a public officer, as where such party voluntarily aids and abets the officer; or by false charges induces the officer to make an arrest, though the officer may act in entire good faith.

Of this class is the case of Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754, cited by appellant, and Rich v. McInerny, 103 Ala. 345, 15 So. 663, 49 Am. St. Rep. 32.

Such is not this case. It is not claimed that the manager or other responsible agent of defendant directed or instigated the action of Robertson or had any knowledge thereof at the time.

The inquiry is whether he was acting as an employee of defendant within the line and scope of his employment, or is his act to be referred, as matter of law, to his official position as a police officer?

Former decisions of this court, and a great many in other jurisdictions, have dealt with liability of the principal where the wrongdoer occupies the dual position of an employee and a police officer.

Many states of fact have been considered:

Cases wherein an employee of the party's own selection, with duties which can be legally performed, or more efficiently performed, in whole or in part, by a public officer, and the employer procures the designation and appointment of his employee as a police officer.

Cases in which the law invests employees, such as trainmen, with police powers in the performance of a quasi public service.

Cases where, under statutes of the state, police officers or constables are appointed and commissioned by the Governor for employment by those needing police protection, etc.

Cases wherein a party calls upon the chief of police or sheriff for police protection merely, having no direction or control, often no naming of the personnel, looking to the officer to perform his duty as such, but paying for the time the officer is so engaged.

We need not discuss the law of all such cases.

Perhaps the more difficult class of cases is that here presented.

It appears the police force was under the "general direction" of defendant's manager on this occasion.

Direction and control is the role of the master.

The mere fact of payment for special police protection is not a controlling factor. But when employed and paid to do a service, such as policing a store, including protection of the employer's property from shoplifting, and as part of such duty to reclaim property about to be so taken, there is something more than mere performance of official duty.

The relation of employer and employee also obtains, and for tortious acts within the line and scope of employment the employer becomes liable, although the acts be such as ordinarily pertain to public office. The du-

ties here were much the same as those of a floorwalker. Scipio v. Pioneer Mining & Mfg. Co. et al., 166 Ala. 666, 52 So. 43; Shope v. Alabama F. & I. Co., 195 Ala. 312, 70 So. 279; Mount Vernon-Woodberry Mills v. Little, 222 Ala. 605, 608, 133 So. 710; Perkins Bros. Co. v. Anderson (Tex. Civ. App.) 155 S. W. 556; Exposition Cotton Mills v. Sanders, 143 Ga. 593, 85 S. E. 747. See notes 55 A. L. R. 1197, II page 1198 and III page 1204, also page 1218, and note, 35 A. L. R. 681 to 690, wherein cases are fully reviewed.

The liability of defendant for Robertson's tort was a question for the jury under the evidence.

■■ The plaintiff offered in evidence the answers of defendant to statutory interrogatories.

In answer to interrogatories calling for a statement of all that was said and done by the officer, defendant said: "The said Robertson saw the plaintiff in the store of the defendant wearing a hat which still had a tag attached to it and asked the plaintiff if she had purchased the hat in the store. She told him that she had and showed him an empty paper bag. He then asked her to go to the Millinery Counter to confirm the purchase, which she did. When the sale had been confirmed, he thanked the lady and said he was sorry to have bothered her, according to the information given this defendant."

The court refused the following charge requested in writing by defendant: "9. The court charges the jury that if you are reasonably satisfied from the evidence in this case that on the occasion complained of, Paul Robertson merely asked the plaintiff to verify with him the purchase of the hat mentioned in the testimony, then your verdict must be for the defendant."

The refusal of this charge was error to reverse. Although such evidence purports to be on information, yet, being introduced, it was proper for the consideration of the jury along with all the other evidence.

The charge, correct within itself, directed attention to a defense presented by the evidence. Defendant was entitled to have considered its version of the affair as presented by the evidence.

■ Refused charge 7 states a correct proposition of law. However, in view of certain phases of the evidence, it was probably misleading for failure to mention that a contract may be express or implied, but we need not determine such question.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.