57 So.2d 553

### LOVEMAN, JOSEPH & LOEB v. HITT.
#### 6 Div. 323.

Supreme Court of Alabama.
March 10, 1952.

46

Bowers, Dixon & Dunn, Birmingham, for appellant.

Taylor, Higgins, Windham & Perdue, Birmingham, for appellee.

LAWSON, Justice.

This suit was instituted in the circuit court of Jefferson County by Mary Sue Hitt, a minor, who sues by next friend, J. D. Hitt, against Loveman, Joseph & Loeb, a corporation.

The action is in damages for false imprisonment and assault and battery. The defendant pleaded the general issue in short by consent in the usual form.

The verdict of the jury was in favor of the plaintiff for the sum of $2,000, for which sum judgment was rendered against the defendant. The defendant's motion for new trial having been overruled, it has appealed to this court.

The view which we take of the case makes it unnecessary to set out the evidence in great detail. The evidence for the plaintiff tended to show that on the morning of April 10, 1950, she and her mother purchased a coat at The Goold Shop in Birmingham. Plaintiff immediately put the coat on, without removing therefrom certain labels. Plaintiff and her mother then went to the basement of the defendant's store, where plaintiff's mother wanted to look at some curtains. No purchase was made in the defendant's store. Plaintiff and her mother left the defendant's store and after they had gotten out on the street, an employee of the defendant, one Picklemayer, approached the plaintiff to determine whether the coat she was wearing had been purchased from the defendant's store. It appears that coats identical to the one worn by plaintiff and bearing similar labels were kept for sale in the basement of defendant's store.

The testimony is in direct conflict as to what transpired when Picklemayer approached the plaintiff. The testimony for the plaintiff is to the effect that Picklemayer grabbed the plaintiff by her right arm, turned her around, and then took hold of her left arm, which he held while he interrogated her as to whether the coat had been removed from the defendant's store. The testimony for the plaintiff further tends to show that after the plaintiff, her mother and father had explained to Picklemayer that the coat had been purchased at The Goold Shop, he continued to hold onto plaintiff's arm and escorted her back to defendant's store, where she was detained several minutes before being released.

The evidence for the defendant is to the effect that Picklemayer never did touch the plaintiff, nor restrain her in any way; that he merely asked if she had purchased the coat she was wearing in the defendant's store.

The trial court refused the following charge requested in writing by the defend-

ant: "I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that the only act committed by Picklemayer was in asking Mary Sue Hitt if she had purchased the coat at Loveman, Joseph & Loeb that then the plaintiff would not be entitled to recover."

Plaintiff's right of recovery was based solely on the actions of Picklemayer.

We are of the opinion that under the holding of this court in the case of J. J. Newberry Co. v. Smith, 227 Ala. 234, 149 So. 669, 671, the refusal of this charge was error to reverse. Defendant's refused Charge No. 12 is in all material respects identical with Charge No. 9, the refusal of which we held to be reversible error in the Newberry case, supra. In regard to Charge 9 in the Newberry case, supra, we said: "The charge, correct within itself, directed attention to a defense presented by the evidence. Defendant was entitled to have considered its version of the affair as presented by the evidence."

We think this language of the court clearly answers the contention asserted by counsel for appellee that the charge was properly refused on the grounds that it gives undue prominence to one phase of the evidence and ignores substantial and important phases of the evidence adduced by the appellee. The facts in the instant case are strikingly similar to the facts in the Newberry case, supra.

Appellee further argues that there was no error in the refusal of defendant's written Charge 12 because the substance of the charge was fairly and substantially covered in the court's oral charge. We have examined the oral charge of the trial court with care, in connection with the oral charge given by the trial court in the Newberry case, supra, and we do not believe that it can be said that the substance of Charge 12 was fairly and substantially covered by the court's oral charge.

The only other error assigned relates to the amount of the verdict. There is no reason to consider this assignment of error in view of the fact that we are clearly of the opinion that the judgment of the trial court must be reversed because of the refusal of defendant's written Charge 12.

Reversed and remanded.

BROWN, FOSTER, SIMPSON, and STAKELY, JJ., concur.