DILLARD DEPARTMENT STORES, Inc.,
d/b/a GUS BLASS COMPANY & PFEIFER'S
OF ARKANSAS *v.* Margaret STUCKEY

74-114                                                511 S.W. 2d 154

Opinion delivered July 8, 1974

*Griffin Smith*, for appellant.

*Alonzo D. Camp*, for appellee.

GEORGE ROSE SMITH, Justice. This is a tort action arising from an unlawful arrest. On December 22, 1972, the

appellee, a school teacher, was shopping in the appellant's department store at Little Rock. She was arrested and accused of shoplifting by Detective Spahr, an off-duty city policeman in uniform who was employed by the appellant to deter shoplifting and otherwise act as a security guard within the store. Officer Spahr testified that he saw Mrs. Stuckey take a scarf and put it in a plastic bag, but when she was taken to the police station and searched no merchandise was found. After having been acquitted in municipal court Mrs. Stuckey brought this suit and obtained a verdict for $1,-000.00.

For reversal the appellant contends that in the circumstances Officer Spahr was compelled by statute to make the arrest and that, inasmuch as the appellant did not direct or bring about the arrest, there was as a matter of law no agency relationship between Spahr and the appellant.

Only two cases are cited to support the appellant's position, but neither is in point. In *Meyers v. State,* 253 Ark. 38, 434 S.W. 2d 334 (1972), we held that an off-duty policeman, privately employed, had a duty to apprehend persons in the act of committing criminal offenses. That was a criminal prosecution, presenting no issue of agency. In *Chicago, R. I. & P. Ry. v. Nelson,* 87 Ark. 524, 113 S.W. 44 (1908), the arresting policeman was not employed by the defendant railway company and was not under its control. He was stationed at the defendant's depot as an ordinary policeman, apparently in the course of his regular employment by the city. We merely held that the railway company's payment to the city of half the officer's salary, as an inducement to the city to station a policeman at the depot, did not make the officer an employee of the company.

Here the situation is so materially different from that in the *Nelson* case as to present a question of fact with regard to agency. It is ordinarily the rule that when the defendant's employee wrongfully brings about the plaintiff's arrest by a police officer, the employer's liability is a question of fact. *Kroger Grocery & Baking Co. v. Waller,* 208 Ark. 1063, 189 S.W. 2d 361 (1945); *Missouri Pac. R. R. v. Yancey,* 178 Ark. 147, 10 S.W. 2d 22 (1928); *Ark. Central Power Co. v. Hildreth,* 174 Ark. 529, 296 S.W. 33 (1927).

In essence the appellant contends that despite the rule just mentioned, an employer, by engaging an off-duty policeman as its agent, can immunize itself from liability for an unlawful arrest whenever the officer acts upon his own initiative. That contention, however, runs counter to the basic rule that a principal is liable for its agent's torts when committed in the course of his employment and for the principal's benefit. *St. Louis, I.M. & S. Ry.* v. *Grant,* 75 Ark. 579, 88 S.W. 1133 (1905).

The precise situation is discussed in the Restatement (2d) of Agency, § 245 (1957):

> If . . . the arrest is made by the servant, not to advance the interests of his master but in the performance of his duty as a citizen, or solely because the servant is an officer of the state or municipality, the master is not liable. This is a question to be determined by the triers of fact.

This illustration is given:

> P, a railroad, employs A as a private detective to investigate crimes committed against the railroad and to seize the offenders if found. A is also a constable of the city, authorized by the city to make arrests. A, unreasonably believing that T has stolen goods from the railroad, arrests T. It is a question of fact whether A acted in his capacity as servant of the railroad or as a police officer.

A more exact parallel to the case at bar could hardly be found. Upon facts similar to those now before us other courts have held the issue to be one for the jury. *J. J. Newberry Co.* v. *Smith,* 227 Ala. 234, 149 So. 669 (1933); *Hanna* v. *Raphael Weill & Co.,* 90 Cal. App. 2d 461, 203 P. 2d 564 (1949).

Here the testimony is amply sufficient to support the jury's conclusion that Officer Spahr was acting in the course of his employment by the appellant and for its benefit. The officer had worked for the appellant in his off-duty hours for two years. He was paid by the appellant, at the rate of $4.00 an hour. His primary duty was to deter shoplifting.

Immediately after the arrest he interrogated Mrs. Stuckey in a back room provided by the appellant. At the police station Officer Spahr made out an "Offense Report" describing the offense as shoplifting and listing the appellant as the complainant. Thus it cannot be said as a matter of law that Spahr was acting solely as a policeman rather than as an employee of the appellant.

Affirmed.