Edwin L. MENDENHALL *v.*
SKAGGS COMPANIES, INC., d/b/a
SKAGGS ALPHA BETA

84-227                                    685 S.W.2d 805

Supreme Court of Arkansas
Opinion delivered March 18, 1985

*Bob Scott* and *Tom Hinds,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

DARRELL HICKMAN, Justice. Edwin L. Mendenhall, the
appellant, was arrested for shoplifting at one of the
appellee's Little Rock stores. Wilbur Page, an off-duty
policeman employed by the appellee as a detective, testified
that he observed Mendenhall place two bottles of men's
cologne in a paper bag and leave the store. Page followed
Mendenhall from the store, stopped him, identified himself
as a police officer, took Mendenhall to the store office, and
arrested him. A store supervisor corroborated Page's testi-
mony. Mendenhall denied he had stolen the items but
maintained that he brought the items in to exchange them.
Mendenhall was convicted of theft of property in municipal

court. On appeal to the circuit court, the jury was unable to reach a verdict, and a mistrial was declared. Mendenhall sued the appellee for false arrest and false imprisonment. The jury found for the appellee and we affirm.

On appeal Mendenhall argues that the court erred by instructing the jury that probable cause is a defense to false arrest by a private citizen for a misdemeanor. This is the instruction given to which Mendenhall objected at trial:

> Where a person has probable or reasonable cause to believe that another person is attempting to take property without payment, he is legally justified in detaining the person for a reasonable length of time for the purpose of making an investigation in a reasonable manner. It is for you to determine whether any restraint or detention shown by the evidence in this case was reasonable in time and manner.

This is the instruction proffered by Mendenhall and rejected:

> An arrest by a private person for a misdemeanor is legally justifiable only if the Plaintiff is guilty of the offense for which it is claimed he was arrested, and the Plaintiff is not bound to show either want of probable cause or malice to entitle him to recover.

Mendenhall argued at trial that the instruction given was erroneous because he was "arrested" rather than "detained." He also contends it was wrong to give instructions which track the theft of property statute (Ark. Stat. Ann. § 41-2203 [Repl. 1977]), the shoplifting presumption statute (Ark. Stat. Ann. § 41-2202 (2) [Repl. 1977]), and the shoplifting detention statute (Ark. Stat. Ann. § 41-2251 [Supp. 1983]). The Arkansas shoplifting statute, Ark. Stat. Ann. § 41-2251, provides in relevant part:

> (a) A person engaging in conduct giving rise to a presumption under Section 2202 (2). . . may be detained in a reasonable manner and for a reasonable length of time by a peace officer or a merchant or a

merchant's employee in order that recovery of such goods may be effected. Such detention shall not render such peace officer, merchant or merchant's employee criminally or civilly liable for false arrest, false imprisonment or unlawful detention.

\* \* \* \* \* \* \* \* \*

(c) A peace officer may arrest without a warrant upon probable cause for believing the suspect has committed the offense of shoplifting. Sufficient probable cause may be established by the written statement by a merchant or merchant's employee to the peace officer that the affiant has observed the person accused committing the offense of shoplifting. The accused shall be brought before a magistrate forthwith and afforded the opportunity to make a bond or recognizance as in other criminal cases.

Mendenhall's argument, which is more clearly presented on appeal than below, is that the shoplifting statutes are not applicable because in this case the policeman was employed by Skaggs, and was, therefore, an employee of the appellee and could only "detain" Mendenhall rather than "arrest" him under Ark. Stat. Ann. § 41-2251. The appellee admitted that Page was acting as its employee when he arrested Mendenhall. Mendenhall argues that a private person can only arrest one committing a felony; that a private person cannot arrest a misdemeanant even upon probable cause; and since shoplifting is only a misdemeanor and Page was acting as a private person, probable cause is no defense.

We reject this argument. Unlike some other states, we have recognized for some time that probable cause is a defense to a civil action for false arrest or false imprisonment in connection with a misdemeanor. In *Kroger Grocery & Baking Co.* v. *Waller,* 208 Ark. 1063, 189 S.W.2d 361 (1945), we rejected an instruction which stated that the grocery store could justify an arrest for shoplifting *only* by showing that the plaintiff *actually* committed a misdemeanor. We plainly stated that this was not the law. We held that if the store

employee acted in good faith in stopping the plaintiff and causing her arrest then no civil action would lie against the defendants. In so holding we affirmed the rule of *Mo. Pac. R.R. Co.* v. *Quick*, 199 Ark. 1134, 137 S.W.2d 263 (1940), that, as a matter of law, probable cause would defeat an action for false arrest.

Mendenhall asks us to ignore these precedents since in his case he was actually *arrested* by a store employee rather than just detained. Does it matter that the merchant or his employee actually arrested, rather than just detained, the suspect? The appellant would argue so. There is no doubt that if a merchant detains a person, calls the police and *causes* the arrest, probable or reasonable cause is a defense. *Kroger Grocery & Baking Co.* v. *Waller, supra;* Ark. Stat. Ann. § 41-2251 (Supp. 1983). [1]

In this case, without objection, the jury was instructed that if they found Skaggs was not "legally justified" in arresting the appellant *or* in falsely imprisoning him it should find for the appellant, and the converse. Was Page detaining Mendenhall as an employee of Skaggs but arresting him as a police officer? This question was never presented to the jury. While the appellant asked the word "policeman" be changed to "employee" in one of the instructions, the argument the appellant makes was never clearly made to the court. Neither was an instruction requested which explained the distinction. The proffered instruction would have been meaningless to the jury without an instruction asking the jury to decide if the policeman was acting in his official capacity or as an employee of Skaggs when he detained and arrested the appellant. See *Dillard Dept. Store* v. *Stuckey*, 256 Ark. 881, 511 S.W.2d 154 (1974). It was appellant's duty to present his theory of the case through his instructions. Since he did not present instructions which embodied his theory, we find no

---

[1]. The distinction in the shoplifting statute between "detain" and "arrest" may be insignificant so far as a civil suit for false arrest is concerned. See W. Ringle, *Searches & Seizures, Arrests and Confessions*, 928.3 (c)(1984).

error. *Bovay* v. *McGahhey,* 143 Ark. 135, 219 S.W. 1026 (1920).

Affirmed.

PURTLE, DUDLEY, and NEWBERN, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. The appellant is correct in his contention that a private citizen cannot arrest on the basis of probable cause to suspect commission of a misdemeanor. For the contrary proposition the majority cites *Kroger Grocery & Baking Co.* v. *Waller,* 208 Ark. 1063, 189 S.W.2d 361 (1945), and *Mo. Pac. R.R. Co.* v. *Quick,* 199 Ark. 1134, 137 S.W.2d 263 (1940). In the *Kroger* case the arrest was made by a police officer who was presumably called to the scene by a store employee. In the *Mo. Pac.* case, the opinion is based on the assumption, although the testimony left some doubt, that the person making the arrest was an "officer."

The distinction drawn by the appellant between "detention" and "arrest" is a legitimate one. Ark. Stat. Ann. § 41-2202(2) (Repl. 1977) provides,

> Shoplifting Presumption. The knowing concealment, upon his person or the person of another, of unpurchased goods or merchandise offered for sale by any store or other business establishment shall give rise to a presumption that the actor took goods with the purpose of depriving the owner, or another person having an interest therein.

Ark. Stat. Ann. § 41-2251(a) (Supp. 1983) provides,

> A person engaging in conduct giving rise to a presumption under Section 2202(2) [§ 41-2202(2)] of the Arkansas Criminal Code may be detained in a reasonable manner and for a reasonable length of time by a peace officer or a merchant or a merchant's employee in order that recovery of such goods may be effected. Such detention by a peace officer, merchant or merchant's employee shall not render such peace

officer, merchant or merchant's employee criminally or civilly liable for false arrest, false imprisonment or unlawful detention.

This statute makes it clear that one may be detained "in a reasonable manner and for a reasonable length of time" for the purpose of recovering a merchant's goods.

"Arrest" is quite a different matter.

An arrest is the taking of another into the custody of the actor for the actual or purported purpose of bringing the other before a court, or of otherwise securing the administration of the law. [A.L.I., Rest. Torts 2d (1965)]

Our statutory scheme for arrests begins by saying an arrest may be made either by a private person or by a peace officer. Ark. Stat. Ann. § 43-402 (Repl. 1977). It then specifies the circumstances under which a peace officer may arrest as follows:

First. In obedience to a warrant of arrest delivered to him.

Second. Without a warrant, where a public offense is committed in his presence, or where he has reasonable grounds for believing that the person arrested has committed a felony. [Ark. Stat. Ann. § 43-403 (Repl. 1977)]

It further specifies when a private person may arrest as follows:

A private person may make an arrest, where he has reasonable grounds for believing that the person arrested has committed a felony. [Ark. Stat. Ann. § 43-404 (Repl. 1977)]

At no point does our statutory law provide that a private person may arrest on the basis of probable cause to suspect a misdemeanor has been committed.

There is no doubt that Page arrested, rather than detained, Mendenhall. There is no question in my mind that he would have had no authority to do it if he had been a private person, and I fear the majority opinion will be read as permitting such arrests.

An off-duty peace officer does not lose his status as a policeman either by virtue of the fact he is off-duty or acting in the course of employment for another. *Meyers* v. *State*, 253 Ark. 38, 484 S.W.2d 334 (1972). Had Page been the defendant here, I could have concurred in a holding he had authority to make an arrest. However, the defendant in this case is Skaggs; so the question becomes whether Skaggs may immunize itself from liability for false arrest by employing persons who have independent authority to arrest which Skaggs does not have.

In *Dillard Department Stores* v. *Stuckey*, 256 Ark. 881, 511 S.W.2d 154 (1974), we specifically rejected Dillard's contention it was immune from liability for false arrest because of its employee's independent obligation as an off-duty policeman to make an arrest. In the *Dillard* case we held there is a fact question to be answered as to whether a private person had probable cause to summon a policeman and instigate an arrest. To my knowledge we have never held a private entity, such as Skaggs, may arrest one who assuredly has, or is legitimately suspected of having, committed a misdemeanor.

The instruction given by the trial court on reasonableness of detention was inapplicable. Skaggs, through its agent Page, was not merely detaining Mendenhall, it arrested him. Arrest is more than detention for a reasonable time. It involves custody and loss of freedom for an indefinite time. The majority suggests we should ignore the appellant's proffered instruction because the jury was not asked to decide whether Page was acting as a police officer or as Skaggs' agent. As noted earlier, the *Dillard* case makes it clear that it does not matter that Page was an off-duty policeman. Any such instruction would have been superfluous.

"False arrest" is just another name for "false imprisonment." W. Prosser, Law of Torts, p. 42 (4th Ed., 1971). Our law permits imprisonment by a merchant to the extent of detaining a shoplifter for a reasonable time. It does not permit a merchant to imprison a shoplifter to the extent of arresting him, either personally or by agent.

While I am not certain all of the proffered instruction was correct, I am certain it more accurately described the applicable law than did the instruction given. Therefore, I respectfully dissent.

Justices Purtle and Dudley join in this dissent.