Cite as 2020 Ark. App. 297

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-19-867

| | |
|---|---|
| JETTA ELLIOTT<br><br>APPELLANT<br><br>V.<br><br>DUSTY MORGAN, IN HIS OFFICIAL CAPACITY AS A DEPUTY SHERIFF OF BOONE COUNTY<br><br>APPELLEE | **Opinion Delivered:** May 13, 2020<br><br>APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CV-18-336]<br><br>HONORABLE ANDREW S. BAILEY, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

Jetta Elliott appeals the Boone County Circuit Court's dismissal of her case against Dusty Morgan in his official capacity as a deputy sheriff. Elliott filed a civil complaint against Officer Morgan alleging various intentional torts and constitutional violations stemming from his arrest of Elliott for public intoxication and domestic battery, charges which were subsequently nolle prossed. On appeal, she contends that summary judgment was not appropriate because disputed issues of material fact remain regarding whether Officer Morgan had probable cause to arrest Elliott. We affirm the circuit court's order.

This civil lawsuit arose from a domestic dispute on December 28, 2017, between Elliott and her estranged husband, Keith Roberson. Roberson and Elliott had been married for several months but had been living separately, allegedly due to Roberson's continued drug use. According to both Elliott and Roberson, on the evening of December 28,

Roberson and his mother came to the home where Elliott was living with her three children. Elliott refused to let him in, so Roberson kicked in her door and entered.

Elliott said that she was sitting in the living room drinking a glass of wine where she remained while Roberson cursed and went through drawers in her bedroom. She said there was an open bottle of wine with only one glass poured from it and that she had drunk half of the glass when Roberson got there. We note, however, that the results of a voluntary breathalyzer test for Elliott registered .18%. Elliott said that she called 911 after Roberson kicked in the door and remained on the phone with the operator until the police arrived. According to Officer Morgan, after he arrived, Elliott told him that she and Roberson had recently married but that she was not allowing him into the house because he had "a drug problem." She also told him that Roberson had kicked in the door to get inside. Officer Morgan thought Elliott was intoxicated and testified that Elliott appeared to be "clearly impaired" from the moment he saw her.

Roberson told Officer Morgan that he went to the house to get his clothes and to check on his stepchildren because he and Elliott were "not getting along and [Elliott's] being drunk." Roberson said that Elliott had hit him twice in the face while he was in the house, which Elliott denied. Roberson's mother confirmed Roberson's account. Officer Morgan testified that Roberson did not look or act impaired.

Officer Morgan arrested Elliott for domestic battery and public intoxication. The prosecutor filed charges against her but then filed motions to nolle prosequi both charges in

the spring of 2018. In September, Elliott filed a complaint against Officer Morgan[1] alleging claims of "malicious prosecution, false imprisonment, defamation, and abuse of process . . . pursuant to the Arkansas Civil Rights Act [ACRA] Ark. Code Ann. § 16-123-105, Ark. Const. art. 2, §§ 2, 8, 13, 24, and U.S. Const. amend. 14." She claimed that Officer Morgan's arrest of her and his failure to arrest Roberson, who was the brother of the chief deputy of Boone County, was an unlawful or unconstitutional act that deprived her of her rights under the Arkansas and United States Constitutions.

Officer Morgan filed a motion for summary judgment contending that all of Elliott's claims were barred by statutory immunity and failed on the merits. Specifically, he alleged that the malicious-prosecution and false-imprisonment claims failed on the merits because he had probable cause to arrest Elliott for public intoxication and domestic battery and that the arrest was lawful even if probable cause existed for one charge but not the other. He argued that the abuse-of-process claim failed because there is no evidence Officer Morgan did anything to extort or coerce Elliott and that the defamation claim failed because Officer Morgan did not publish any statement about her, defamatory or otherwise, and the complaint did not identify an allegedly defamatory statement. Finally, Officer Morgan alleged there was no evidence of a constitutional violation, and any such claim was barred by qualified immunity. In support of the motion and attached to the motion and brief were Officer Morgan's affidavit and the depositions of Elliott and Officer Morgan. He also included exhibits with his affidavit: discs containing his body-camera video from the

---

[1]Her initial complaint also included the prosecutor as a defendant, but Elliott nonsuited the prosecutor and filed an amended complaint against Officer Morgan only.

3

incident, his incident report prepared a week after the incident, the signed statement of a state trooper who accompanied Officer Morgan to the scene, and statements of Roberson and his mother taken the night of the incident. Elliott's response included no additional evidence. Officer Morgan's reply attached the affidavit of the risk management director for the Association of Arkansas Counties Risk Management Services, who stated that Boone County does not have insurance coverage for tort claims including malicious prosecution, false arrest, false imprisonment, abuse of process, and defamation.

The circuit court granted Officer Morgan's motion and dismissed Elliott's complaint. The court found on the undisputed facts that Officer Morgan had probable cause to arrest Elliott for domestic battery and thus found no need to determine whether Officer Morgan had probable cause to arrest Elliott for public intoxication. *See Jones v. McLemore*, 2014 Ark. App. 147, 432 S.W.3d 668 (holding that if probable cause exists for an arrest on one offense, it is immaterial whether there was probable cause for arrest on any other offenses). Roberson told Officer Morgan that Elliott had hit him in the face; Roberson's mother said she had witnessed this incident; and Officer Morgan observed that Roberson's ear was red where he indicated he had been struck. The court found no evidence to support Elliott's claim that Officer Morgan arrested her because of Roberson's brother's employment at the Boone County Sheriff's Office. The court found Officer Morgan was entitled to summary judgment on the claims of malicious prosecution and false imprisonment based on qualified immunity and as a matter of law because probable cause defeats actions for malicious prosecution and false imprisonment. *See Sundeen v. Kroger*, 355 Ark. 138, 133 S.W.3d 393 (2003); *Mendenhall v. Skaggs Cos.*, 285 Ark. 236, 685 S.W.2d 805 (1985). The court found

4

there was no evidence of defamation because Elliott failed to show that Officer Morgan made any defamatory statement at all. Finally, the court found that there was no evidence Officer Morgan had any postarrest interaction with Elliott or any impact on the criminal proceedings against her after charges were filed; thus, the elements for an abuse-of-process claim had not been met as a matter of law.

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Martin v. Hallum*, 2010 Ark. App. 193, at 10, 374 S.W.3d 152, 159. On appellate review, we determine whether summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material question of fact unanswered. *City of Farmington v. Smith*, 366 Ark. 473, 237 S.W.3d 1 (2006). We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings but also on the affidavits and other documents filed by the parties. *Dodson v. Taylor*, 346 Ark. 443, 57 S.W.3d 710 (2001). The issue of whether a party is immune from suit is reviewed de novo on appeal. *City of Fayetteville v. Romine*, 373 Ark. 318, 284 S.W.3d 10 (2008). Whether summary judgment on grounds of immunity is appropriate on a particular set of facts is purely a question of law. *Gentry v. Robinson*, 2009 Ark. 634, at 10, 361 S.W.3d 788, 794. Although the determination of whether there is a genuine issue of material fact is a question of law under these circumstances, it is a legal question that sits near the law-fact divide. *Martin*, 2010 Ark. App. 193, at 11, 374 S.W.3d at 159.

Qualified immunity for a county sheriff derives from Arkansas Code Annotated section 21-9-301, which provides as follows:

(a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, public charter schools, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

(b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

Ark. Code Ann. § 21-9-301 (Repl. 2016).

We apply the same analysis that is used when addressing the issue of qualified immunity of state employees under Ark. Code Ann. § 19-10-305, which our supreme court has held rests on the same principles as qualified immunity under federal law. *Martin*, 2010 Ark. App. 193, at 9, 374 S.W.3d at 158.

The purpose of qualified immunity is to allow public officers to carry out their duties as they think right, rather than acting out of fear for their own personal fortunes. *Greiner v. City of Champlin*, 27 F.3d 1346 (8th Cir.1994). Toward this end, police officers have qualified immunity from liability in their individual capacity unless they violate a clearly established right of which a reasonable person would know. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). A motion for summary judgment based upon qualified immunity is precluded only when the plaintiff has asserted a constitutional violation, demonstrated that the constitutional right is clearly established, and raised a genuine issue of fact as to whether the official would have known that the conduct violated that clearly established right. *Smith v. Brt*, 363 Ark. 126, 211 S.W.3d 485 (2005).

*Martin*, 2010 Ark. App. 193, at 9–10, 374 S.W.3d at 158–59.

Elliott's amended complaint asserts all her tort claims—malicious prosecution, false imprisonment, defamation, and abuse of process—pursuant to ACRA and the Arkansas and United States Constitutions. She contends that Officer Morgan deprived her of her "rights,

privileges, property, and immunities secured by the Arkansas and United States Constitutions." The claims are based on her allegation that Officer Morgan lacked probable cause to arrest her. She failed to assert a particular defamatory statement for her claim of defamation and merely testified in her deposition that "the fact" that she was arrested for being intoxicated in public and battering a spouse was "the defamatory statement." On appeal she argues that summary judgment was improper because a material issue of fact existed regarding whether Officer Morgan had probable cause to arrest her.

The right not to be arrested or prosecuted without probable cause is a clearly established constitutional right. *Martin*, 2010 Ark. App. 193, at 11, 374 S.W.3d at 159 (citing *Dunaway v. New York*, 442 U.S. 200 (1979)). If, however, the arrest was objectively reasonable and officers of reasonable competence could disagree on whether the probable-cause test was met, an arresting officer is entitled to qualified immunity. *Malley v. Briggs*, 475 U.S. 335 (1986). Probable cause exists if "at the moment the arrest was made the facts and circumstances within [a police officer's] knowledge and of which [the officer] had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that the person arrested committed the crime with which he was charged. *Baldridge v. Cordes*, 350 Ark. 114, 120–21, 85 S.W.3d 511, 515 (2002) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). As this standard makes clear, there need not be actual probable cause for an officer to be shielded by qualified immunity; an objectively reasonable belief that there was probable cause is enough. *Baldridge*, 350 Ark. at 121, 85 S.W.3d at 515. Further, once probable cause exists for an arrest on one offense, it is immaterial whether there was probable

cause for arrest on any other offenses. *Martin*, 2010 Ark. App. 193, at 12, 374 S.W.3d at 160.

Here, Officer Morgan attached to his motion for summary judgment his own affidavit; his deposition; Elliott's deposition; discs containing his body-camera video from the incident, including his interviews with Roberson and Elliott; his report prepared a week after the incident; the signed statement of a state trooper who accompanied Officer Morgan to the scene; and statements of Roberson and his mother taken the night of the incident. Although Elliott denied that she struck Roberson, these documents indicate that Roberson told Morgan while on video that Elliott struck him in the face. Officer Morgan observed that Roberson's ear was red where he indicated he had been hit. Roberson's mother gave a statement that she was a witness to the incident. Officer Morgan's report and his deposition testimony confirm the video and his affidavit that Roberson told Officer Morgan that Elliott hit him in the head and that Officer Morgan observed that Roberson's left ear was red.[2]

There need not be actual probable cause for an officer to be shielded by qualified immunity; an objectively reasonable belief that there was probable cause is enough. *Baldridge*, 350 Ark. at 121, 85 S.W.3d at 515. In the event that a genuine dispute exists

---

[2]We recognize Elliott's general contention that Officer Morgan's affidavit should have been excluded because it contradicted his deposition testimony. Although he relies on *Caplener v. Bluebonnet Milling Co.*, 322 Ark. 751, 757, 911 S.W.2d 586, 590 (1995), stating that an affidavit that "is inherently and blatantly inconsistent with prior deposition testimony may not be used to establish a question of fact" to defeat summary judgment, the affidavit was not introduced in this case to defeat summary judgment but to support it, and Elliott fails to mention the blatant inconsistency. Regardless of any alleged contradiction, however, we reject her argument. The affidavit was not necessary in light of the body-camera video, Officer Morgan's report, the state trooper's statement, and statements of Roberson and his mother.

concerning predicate facts material to the qualified-immunity issues, the defendant is not entitled to summary judgment on that ground. *Id.* But once the predicate facts have been established, for the purposes of qualified immunity there is no such thing as a "genuine issue of fact" as to whether an officer "should have known" that his conduct violated constitutional rights. *Id.* The conduct was either reasonable under settled law in the circumstances, or it was not, and this is a question of law. *Id.* In this case, Roberson told Officer Morgan at the scene that he had been struck, Officer Morgan observed that Roberson's ear was red where he said he had been struck, Roberson's mother said she had witnessed the incident, and Officer Morgan observed that Elliott appeared intoxicated and extremely agitated. As a matter of law, Officer Morgan's conduct in arresting Elliott for domestic battery was objectively reasonable. Accordingly, we affirm the court's grant of summary judgment on qualified immunity.

While it is not clear that Elliott appeals the summary judgment based on the defamation and abuse-of-process claims, we also affirm the court's order on those claims. Elliott provided no evidence to support a defamation claim and did not state in her complaint, her response to the summary-judgment motion, or her initial brief to us which statement of Officer Morgan's constituted defamation. She did come up with an allegedly defamatory statement in her reply brief, but we will not consider an argument made for the first time in a reply brief. *Bynum v. State*, 2017 Ark. App. 41, at 1, 511 S.W.3d 860, 861.

We also agree with the circuit court that there is no evidence to support an abuse-of-process claim against Officer Morgan.

> Abuse of process is somewhat in the nature of extortion or coercion. The key is improper use of process after issuance, even when issuance has been properly

obtained. In the *Smith & McAdams, Inc.*, case we stated, "The test of process abuse is not whether the process was originally issued with malice and without probable cause. The remedy in that situation would be an action for malicious prosecution which was asserted in the case at bar." [*Smith & McAdams, Inc. v. Nelson*, 255 Ark. 641, 644, 501 S.W.2d 769, 770 (1973).] In *Cordes v. Outdoor Living Ctr., Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989), we reiterated that it does not matter, when considering abuse of process, whether the legal procedure set in motion was indeed founded upon probable cause because the second requirement is that the procedure must have been perfected to accomplish an ulterior purpose for which it was not designed.

*Union Nat'l Bank of Little Rock v. Kutait*, 312 Ark. 14, at 16–17, 846 S.W.2d 652, 654 (1993).

Elliott presented no evidence that Officer Morgan was involved in the prosecution of her case. He arrested her. That act, without more, does not constitute abuse of process.

Affirmed.

SWITZER and HIXSON, JJ., agree.

*Harry McDermott*, for appellant.

*Colin Jorgensen*, Association of Arkansas Counties, for appellee.